■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONDI RICHARDSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered October 26, 1984, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Several witnesses testified that the defendant got out of a car and fired shots at a particular person. A bystander was killed. The bullet came from the direction in which the defendant was shooting. The defendant claimed that the person he was shooting at initiated the incident and fired the first shot. The defendant argues that the People failed to disprove his defense of justification beyond a reasonable doubt. We disagree.

It is well established that justification is not a defense to the use of deadly physical force unless the actor reasonably believes that another person is about to use deadly physical force against him and he is unable to retreat safely (Penal Law § 35.15 [2] [a]). In the instant case, there was ample evidence to enable the jury to find that the defendant initiated the incident, was not acting in self-defense, and, even if he was not the initial aggressor, had every opportunity to retreat safely without the use of deadly force. Accordingly, the finding that the defendant was not justified in his conduct was both supported by legally sufficient evidence *(People v Contes,* 60 NY2d 620) and was not against the weight of the evidence (CPL 470.15 [5]).

The defendant also contends that the court erred by declining to instruct the jury that he should be acquitted of the possessory offense if it found that his possession was temporary and lawful. In order to trigger the right to a charge regarding temporary lawful possession, however, "there must be proof in the record showing a legal excuse for having the weapon in his possession" *(People v Williams,* 50 NY2d 1043, 1045). Here, because there was no evidence to support such an instruction, the court properly declined to give it.

We have considered the defendant's remaining contentions and find that they are either not preserved for appellate review or without merit. Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.