■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIQUE FOUSSE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered June 1, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

This judgment of conviction emanates from an altercation between the defendant and Donovan Carty, which resulted in the latter's death. On appeal, the defendant does not dispute the fact that he is responsible for Carty's death, but argues that his actions were justified since he was acting in self-defense, and that the People failed to disprove the defense of justification beyond a reasonable doubt. We disagree.

It is axiomatic that justification is not a defense to the use of deadly physical force unless the actor reasonably believes that another person is about to use deadly physical force against him and he is unable to retreat safely (see, Penal Law § 35.15 [2] [a]; see also, People v Goetz, 68 NY2d 96). The evidence at trial established that following an initial confrontation between Carty and the defendant, the defendant retreated. The defendant thereafter retrieved a shotgun, which he had hidden, and returned to the scene of the initial altercation. Several witnesses testified that at this point, the defendant approached Carty, pointed the gun at his chest and fired a shot. Although there was some indication that Carty had threatened the defendant earlier in the evening, it is undisputed that none of the witnesses, or the defendant, ever observed Carty carrying a weapon. In light of the foregoing, we conclude that there was ample evidence to enable the jury to find that the defendant initiated the incident which caused Carty's death, and was not acting in self-defense at that time (see, People v Thompson, 125 AD2d 511; People v Reyes, 116 AD2d 602). Moreover, the defendant had every opportunity to retreat safely, without resorting to the use of deadly force (see, Penal Law § 35.15 [2] [a]; People v Richardson, 155 AD2d 488). Accordingly, the finding that the defendant's actions were not justified was supported by legally sufficient evidence (People v Contes, 60 NY2d 620), and was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.