■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL BLOOMFIELD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered June 13, 1989, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

This case involves the shooting death of an innocent victim who was on the street outside his home when he was surrounded by a group of approximately seven youths, one of whom was the defendant. The People presented several eyewitnesses to the shooting who stated that after the youths attempted to rob the victim, a struggle broke out during which the defendant drew a gun and shot the victim twice. The defendant testified in his own behalf and denied that he was the shooter. On appeal, the defendant argues that the medical evidence and certain testimony, which indicated that he was being chased by the victim between the first and second shot supplied a reasonable basis upon which the jury could have concluded that the defendant merely acted recklessly in firing at the victim, and therefore, that the court erred in not submitting manslaughter in the second degree to the jury as a lesser included offense of intentional murder (see, People v Green, 56 NY2d 427; People v Tai, 39 NY2d 894). However, viewing the evidence in a light most favorable to the defendant (see, People v Martin, 59 NY2d 704), we find that no reasonable view of the evidence would support a finding that

the shooting was "reckless" and that the defendant committed the lesser offense but not the greater (see, People v Glover, 57 NY2d 61). Thompson, J. P., Bracken, Pizzuto and Santucci, JJ., concur.