■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO ALVAREZ, Appellant. [607 NYS2d 137] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered December 4, 1991, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

This conviction emanates from an altercation between the defendant and John Betancourt, the boyfriend of the defendant's estranged wife, which resulted in Betancourt's death from a single gunshot fired by the defendant. The defendant was charged with murder in the second degree (Penal Law § 125.25 [1]), and, at trial, the court submitted to the jury the lesser-included offenses of manslaughter in the first degree (Penal Law § 125.20 [1]) and manslaughter in the second degree (Penal Law § 125.15 [1]). On appeal, the defendant's contention is that the defense of justification was not disproven beyond a reasonable doubt. We disagree.

The defendant's contention that the People failed to disprove the defense of justification beyond a reasonable doubt is unpreserved for appellate review *(see, People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to disprove the defense of justification beyond a reasonable doubt *(see,* Penal Law § 25.00 [1]; § 35.00; *People v Reed,* 40 NY2d 204, 209). That is, viewing the evidence in this light, we find that the jury could have

concluded that the defendant did not reasonably believe that the victim was about to use deadly physical force and, further, that he had an opportunity to retreat safely without resorting to the use of "deadly physical force" (Penal Law § 35.15 [2] [a]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Additionally, under the circumstances of the shooting, the court did not err in submitting to the jury the lesser-included offense of manslaughter in the second degree (see, CPL 300.50 [1]), inasmuch as a reasonable view of the evidence supports a finding that the shooting was "reckless" and that the defendant committed the lesser offense but not the greater offenses of intentional murder and intentional manslaughter (see, Penal Law § 15.05 [3]; People v Glover, 57 NY2d 61; People v Green, 56 NY2d 427; People v Tai, 39 NY2d 894; cf., People v Bloomfield, 187 AD2d 518; People v Frazier, 156 AD2d 583, 584).

The sentence imposed was not excessive (see, People v Delgado, 80 NY2d 780; People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.