■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ARLEQUIN, Appellant. [625 NYS2d 613] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (Gerges, J.), rendered March 2, 1993, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to disprove his defense of justification beyond a reasonable doubt is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Alvarez*, 201 AD2d 487; *People v Udzinski*, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, *People v Contes*, 60 NY2d 620), we find that the People disproved the defense of justification beyond a reasonable doubt. Based on the testimony of the People's eyewitness, the jury could have concluded that the defendant shot the victim after obtaining sole control of the gun, when the defendant no longer had a reasonable belief that he was in mortal danger and could have retreated in safety (see, *People v Alvarez, supra; People v Ramsay*, 199 AD2d 428). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's challenge to the prosecutor's comments on summation is unpreserved for appellate review (see, *People v Bruen*, 136 AD2d 648). In any event, the prosecutor's remarks were fair comment and did not constitute improper vouching (see, *People v Long*, 205 AD2d 804; *People v Stephens*, 161 AD2d 740). Finally, the defendant's challenge to the mandatory surcharge is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Santos*, 176 AD2d 245; *People v Higgins*, 137 AD2d 620), and in any event, premature (see, *People v Burke*, 204 AD2d 345). Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.