■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULE HALL, Appellant. [633 NYS2d 39] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 22, 1994, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (*see*, CPL 470.05 [2]; *People v Candelaria*, 206 AD2d 385) and, in any event, without merit. It is well established that justification is not a defense to the use of deadly physical force unless the actor reasonably believes that another person is about to use deadly physical force against him and he is unable to retreat safely (*see*, Penal Law § 35.15 [2] [a]; *People v Goetz*, 68 NY2d 96; *People v Fousse*, 167 AD2d 416; *People v Richardson*, 155 AD2d 488). There was ample evidence adduced in this case to enable the jury to find that the defendant was not acting in self-defense when he drew his gun (*see, People v Fousse, supra*). Moreover, the defendant had every opportunity to retreat safely without the use of deadly physical force (*see, People v Jones*, 175 AD2d 294). Accordingly, the jury's finding that the defendant's conduct was not justified is supported by legally sufficient evidence (*see, People v Contes*, 60 NY2d 620) and is not against the weight of the evidence (*see*, CPL 470.15 [5]).

The totality of the circumstances surrounding the interrogation of the defendant by law enforcement officials demonstrates beyond a reasonable doubt that the defendant's statements to

them were voluntary (*see, People v Fischl*, 182 AD2d 699; *People v Jenkins*, 167 AD2d 421). Sullivan, J. P., O'Brien, Copertino and Krausman, JJ., concur.