■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MANTILLA, Appellant. [632 NYS2d 654] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered August 3, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's contention that his arrest was in violation of *Payton v New York* (445 US 573) is without merit. Although

the hearing court erred by applying the wrong standard in its decision and concluding that it did not matter when the defendant's girlfriend consented to the search of her apartment *(see, People v Harris,* 77 NY2d 434), there is a sufficient basis in the hearing record to conclude that the girlfriend, indisputably a person with authority over the premises, consented in writing to allow the police to search her apartment before the defendant was arrested there *(see, People v Toro,* 198 AD2d 532; *People v Greenberg,* 187 AD2d 528).

The defendant's contention that the People failed to disprove his justification defense is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Arlequin,* 214 AD2d 747; *People v Alvarez,* 201 AD2d 487). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to disprove the defense of justification and to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. There was sufficient evidence presented at the trial to enable the jury to conclude that the defendant did not reasonably believe that the victim was about to use deadly physical force and that the defendant had an opportunity to retreat safely *(see,* Penal Law § 35.15 [2] [a]; *People v Alvarez, supra; People v Richardson,* 155 AD2d 488). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence that was imposed is not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Copertino and Krausman, JJ., concur.