■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLLIN FIRTH, Also Known as COLLIN FIRST, Also Known as COLLIN FRITH, Appellant. [665 NYS2d 564] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patterson, J.), rendered December 2, 1994, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On May 24, 1994, the victim became embroiled in an argument with the defendant, who was her former boyfriend and the superintendent of the building in which she lived. The altercation escalated to the point where the defendant slashed the victim with a carpenter's knife, inflicting wounds on her face, neck, arms, and back that required 250 stitches. The defendant claimed that the victim was the initial aggressor and that he acted in self-defense.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defense of justification beyond a reasonable doubt. The record reveals that there was ample evidence to support the conclusion that the victim was not about to use deadly physical force against the defendant, and, further, that he had the opportunity to retreat safely without resorting to the use of such force against her (see, Penal Law § 35.15 [2] [a]; People v Hall, 220 AD2d 615; People

*v Alvarez,* 201 AD2d 487). While the defendant contends that the testimony of the prosecution witnesses was incredible, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 96). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that the trial court's instruction to the jury on the justification defense was defective is unpreserved for appellate review and, in any event, without merit.

The sentence imposed was not excessive (*People v Suitte,* 90 AD2d 80). Thompson, J. P., Pizzuto, Santucci and Joy, JJ., concur.