The People of the State of New York, Respondent, v Reuben Bramble, Appellant. [829 NYS2d 205]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered August 11, 2004, convicting him of manslaughter in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to disprove the justification defense is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove the justification defense beyond a reasonable doubt (*see People v Mantilla*, 220 AD2d 691 [1995]; *People v Hall*, 220 AD2d 615 [1995]).

The defendant contends that the evidence was also legally insufficient to sustain his conviction of manslaughter in the second degree, because the proof was only consistent with a finding that his conduct was intentional and not reckless. Based upon the evidence, however, the jury could have concluded that the defendant did not intend to kill the victim, but rather that he acted recklessly, with a conscious disregard of a substantial, unjustifiable, and grave risk that the victim would die (*see People v McMillon*, 31 AD3d 136 [2006], *lv denied* 7 NY3d 815 [2006]).

Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). The defendant's contention concerning the trial court's charge to the jury with respect to justification is unpreserved for appellate review and, in any event, is without merit. Moreover, we reject the defendant's contention that he did not receive the effective assistance of counsel based upon the failure to object to the justification charge (*see People v Satterfield,* 66 NY2d 796 [1985]).

The defendant's remaining contention, involving whether the court received a particular juror's note, is based on matter dehors the record, and therefore is not properly before us on direct appeal (*see People v Conyers,* 298 AD2d 597 [2002]). Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.