■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN FARRIER, Appellant. [844 NYS2d 709]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered December 20, 2004, convicting him of

murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain physical evidence and lineup identification evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly determined that there was probable cause for the defendant's arrest, and accordingly, properly denied those branches of his omnibus motion which were to suppress certain physical evidence and lineup identification evidence as the products of an illegal arrest (*see People v Bigelow*, 66 NY2d 417 [1985]; *People v Garcia*, 284 AD2d 481 [2001]; *People v Mapp*, 245 AD2d 307 [1997]; *People v Martin*, 221 AD2d 568 [1995]).

The defendant contends that he was denied a fair trial when the trial court failed to disclose, or respond to, a jury note. However, the record is bereft of any evidence that this note existed. Therefore, since this contention is based on matter dehors the record, it is not properly before us on the direct appeal from the judgment (*see People v Bramble*, 37 AD3d 484 [2007]; *People v Conyers*, 298 AD2d 597 [2002]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Miller, J.P., Ritter, Santucci and Balkin, JJ., concur.