■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERMAINE McCANTS, Appellant. [888 NYS2d 200]—

Appeal by the defendant from a judgment of the Supreme

Court, Nassau County (Calabrese, J.), rendered April 24, 2007, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Jaeger, J.), pursuant to a stipulation in lieu of motion of the suppression of physical evidence and the defendant's statements to law enforcement officials.

Ordered that the judgment is affirmed.

On March 8, 2006, four police officers observed Leon McCoy drive into the parking lot of National Wholesale Liquidators on Hempstead Avenue in Nassau County. One of the officers, Police Officer Daniel Weis, testified that he had been involved in hundreds of narcotics arrests at this location. McCoy pulled up alongside a blue Nissan Stanza driven by the defendant. McCoy then entered the rear passenger side of the Nissan—someone else was sitting in the front passenger seat. McCoy handed the defendant some money, and the defendant handed back two small packages in return.

The police then arrested the defendant and McCoy. The defendant spontaneously told Officer Weis that "that's all I had," and that his front-seat passenger "didn't have nothing to do with it." Two packages were taken from McCoy; testing later revealed the packages to contain cocaine. Cocaine also was found in a bag tied to the defendant's boxer shorts. After signing a *Miranda* waiver card (*see Miranda v Arizona*, 384 US 436 [1966]), the defendant gave a statement in which he admitted engaging in the drug transaction. The hearing court denied suppression of the cocaine and the statements.

The defendant was found guilty of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree. The defendant appeals.

"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (*People v Hernandez*, 40 AD3d 777, 778 [2007]). The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Prochilo*, 41 NY2d 759 [1977]).

The Court of Appeals has held that probable cause can be

inferred when an experienced officer observes the exchange of glassine—or translucent—envelopes for money (*see People v McRay*, 51 NY2d 594, 604 [1980]). Although the exchange of an opaque envelope for money does not necessarily lead to the same inference (*see e.g. People v Bennett*, 170 AD2d 516 [1991]), "if the exchange occurs in an area rampant with narcotics activity, and is proven by competent evidence such as testimony of a qualified observer, an inference of probable cause may properly be drawn" (*People v McRay*, 51 NY2d at 604; *see People v Jones*, 90 NY2d 835, 837 [1997]). Here, the police had probable cause to arrest the defendant. Therefore, the court properly denied suppression of the cocaine.

The Supreme Court also properly denied suppression of the defendant's statements to police. His initial statement was made without prompting by police, and was not the result of interrogation or the functional equivalent thereof (*see People v Stoesser*, 53 NY2d 648, 650 [1981]; *see generally Rhode Island v Innis*, 446 US 291, 301 [1980]). Further, the defendant's written statement to the police was made after he validly waived his *Miranda* rights (*see People v Debo*, 45 AD3d 1349, 1350 [2007]; *People v Petronio*, 34 AD3d 602, 604 [2006]; *see generally Miranda v Arizona*, 384 US 436 [1966]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention regarding the prosecutor's summation comments is unpreserved for appellate review (*see People v Jones*, 9 AD3d 374 [2004]; *People v Scotti*, 220 AD2d 543 [1995]). In any event, although we agree that one of the prosecutor's comments impermissibly shifted the burden of proof to the defendant (*see People v Walters*, 251 AD2d 433, 434 [1998]), we find that this error was harmless, as the evidence of the defendant's guilt is overwhelming and there is no reasonable possibility that this isolated comment might have contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v Dorsette*, 47 AD3d 728 [2008]; *People v Richardson*, 294 AD2d 379 [2002]; *cf. People v Heman*, 198 AD2d 434, 435 [1993]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 86 [1982]).

The defendant's contentions raised in point 8 and 11 of his

supplemental pro se brief are unpreserved for appellate review and, in any event, are without merit.

The defendant's remaining contentions, raised in points 4, 5, 6, 9, and 11 of his supplemental pro se brief, are without merit. Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.