■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FAREL JENKINS, Appellant. [918 NYS2d 114]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered December 11, 2008, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the convictions of manslaughter in the first degree and criminal possession of a weapon in the second degree were not supported by legally sufficient evidence is preserved for appellate review (*see* CPL 470.05 [2]). However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court erred in failing to instruct the jury on the defense of justification also is preserved for appellate review (*see* CPL 470.05 [2]; *People v Luperon*, 85 NY2d 71, 78 [1995]). However, contrary to his

contention, no reasonable view of the evidence in this case supported such a charge with regard to manslaughter in the first degree (*see People v Cox*, 92 NY2d 1002, 1004 [1998]; *see also People v Rodriguez*, 77 AD3d 975 [2010]; *cf. People v Fermin*, 36 AD3d 934 [2007]), and the justification defense does not apply to the charge of criminal possession of a weapon in the second degree (*see People v Pons*, 68 NY2d 264, 266 [1986]; *People v Almodovar*, 62 NY2d 126, 130 [1984]; *People v White*, 75 AD3d 109, 122 [2010]).

The defendant's remaining contention is that he was deprived of a fair trial because the Supreme Court failed to disclose and respond to a particular jury note. Since the record is bereft of any evidence that this note was actually received by the Supreme Court, the defendant's contention is based on matter dehors the record, and therefore is not properly before us on direct appeal (*see People v Farrier*, 45 AD3d 603, 604 [2007]; *People v Bramble*, 37 AD3d 484, 485 [2007]; *People v Conyers*, 298 AD2d 597, 598 [2002]). Rivera, J.P., Leventhal, Sgroi and Miller, JJ., concur.