■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK THOMPSON, Appellant. [951 NYS2d 754]—

The defendant's challenge to the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is without merit. The court struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of credibility and the possible prejudice to the defendant (*see People v Springer*, 13 AD3d 657, 658 [2004]; *People v Mack*, 6 AD3d 551 [2004]). The court declined to permit cross-examination as to certain convictions that were remote or had little bearing on the defendant's credibility, and prohibited the prosecution from eliciting the underlying facts of the prior convictions about which it was permitted to impeach the defendant (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Springer*, 13 AD3d at 658; *People v Mack*, 6 AD3d at 551). The mere fact that some of the prior convictions were similar in nature to the instant offenses did not warrant their preclusion (*see People v Hayes*, 97 NY2d at 208; *People v Springer*, 13 AD3d at 658; *People v Mack*, 6 AD3d at 551).

The defendant's contention regarding the prosecutor's summation comments is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v McCants*, 67 AD3d 821, 823 [2009]). In any event, although the defendant correctly contends that some of the prosecutor's comments impermissibly shifted the burden of proof to the defendant (*see People v Grant*, 94 AD3d 1139, 1141 [2012]; *People v McCants*, 67 AD3d at 823; *People v Walters*, 251 AD2d 433, 434 [1998]), this error was harmless, as the evidence of the defendant's guilt was overwhelming and there was no reasonable possibility that these comments might have contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 237-238 [1975]; *People v Grant*, 94 AD3d at 1141; *People v McCants*, 67 AD3d at 823).

The defendant's contention, raised in his pro se supplemental brief, that the evidence was legally insufficient to support the verdict, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's further contention, raised in his pro se supplemental brief, that his Sixth Amendment right to confront witnesses was violated, is unpreserved for appellate review and, in any event, without merit (*see People v Brown*, 13 NY3d 332 [2009]; *People v Rawlins*, 10 NY3d 136, 158-160 [2008], *cert denied sub nom. Meekins v New York*, 557 US 934 [2009]; *cf. Williams v Illinois*, 567 US —, 132 S Ct 2221 [2012]; *see generally Crawford v Washington*, 541 US 36, 53-54 [2004]).

The defendant's contention, raised in his pro se supplemental brief, that the Supreme Court erred in charging the jury is similarly unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the court properly charged the jury.

The defendant's claim, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 562 US —, 132 S Ct 325 [2011]). Here, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]). Skelos, J.P., Leventhal, Chambers and Lott, JJ., concur.