Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered June 22, 2009, convicting her of murder in the second degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant contends that she was deprived of a fair trial by the Supreme Court’s failure to disclose and respond to two jury notes. Since the record is bereft of any evidence that these notes were actually received by the Supreme Court, the defendant’s contention is based on matter dehors the record and, therefore, is not properly before us on direct appeal (see People v Jenkins, 81 AD3d 662, 663 [2011]; People v Farrier, 45 AD3d 603, 604 [2007]; People v Bramble, 37 AD3d 484, 485 [2007]; People v Conyers, 298 AD2d 597, 598 [2002]).
*772 The defendant’s contention that the prosecutor made improper remarks during his summation is unpreserved for appellate review, as the defendant either did not object to the remarks at issue or made only general objections (see CPL 470.05 [2]; People v Parker-Davidson, 89 AD3d 1114 [2011]). In any event, most of the challenged remarks were proper because they were within the broad bounds of rhetorical comment permissible in closing arguments, responsive to arguments made by defense counsel in summation, or constituted fair comment on the evidence (see People v Halm, 81 NY2d 819, 821 [1993]; People v Galloway, 54 NY2d 396, 399 [1981]; People v Ashwal, 39 NY2d 105, 109-110 [1976]; People v Brown, 79 AD3d 1142, 1142 [2010]; People v Torres, 71 AD3d 1063 [2010]). To the extent that some of the challenged remarks were improper, such as a certain ad hominem comment made about the defendant and a certain ad hominem comment made about defense counsel, any error resulting from those remarks was harmless in light of the overwhelming evidence of the defendant’s guilt (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Brown, 79 AD3d at 1142; People v Torres, 71 AD3d at 1063). Furthermore, defense counsel’s failure to object to the challenged remarks did not constitute ineffective assistance of counsel (see People v Tonge, 93 NY2d 838, 840 [1999]; People v Benevento, 91 NY2d 708 [1998]; People v Archer, 82 AD3d 781 [2011]; People v Moore, 77 AD3d 685, 686 [2010]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Dillon, J.P, Austin, Sgroi and Cohen, JJ., concur.