■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL BROWN, Appellant. [963 NYS2d 409]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Parker, J.), rendered November 18, 2009, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial by various remarks made by the prosecutor during summation is unpreserved for appellate review, since the defendant made only a single general objection to one of the remarks now alleged to have been improper (*see* CPL 470.05 [2]; *People v Hanson*, 100 AD3d 771, 772 [2012]; *People v Floyd*, 97 AD3d 837 [2012]). In any event, the challenged remarks were proper because they were within the broad bounds of rhetorical comment permissible in closing arguments, were fairly responsive to arguments and issues raised by defense counsel in summation, or constituted fair comment on the evidence (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]). Under the circumstances of this case, of this case, defense counsel's failure to object to the challenged remarks did not constitute ineffective assistance of counsel (*see People v Friel*, 53 AD3d 667, 668 [2008]; *People v Rose*, 47 AD3d 848, 849 [2008]).

The defendant's contention, raised in his pro se supplemental brief, that the evidence was legally insufficient to support his conviction of murder in the second degree is unpreserved for appellate review, since he failed to move for a trial order of dismissal specifically directed at the error (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v McAllister*, 98 AD3d 527

[2012]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt with respect to the conviction of murder in the second degree.

The defendant further contends in his pro se supplemental brief that the verdict was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contention raised in his pro se supplemental brief is without merit. Rivera, J.P., Dickerson, Leventhal and Roman, JJ., concur.