■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BARTON, Appellant. [973 NYS2d 760]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered October 16, 2009, convicting him of attempted aggravated murder (three counts), assault in the second degree (three counts), criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment *is* affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions of three counts of attempted aggravated murder and three counts of assault in the second degree is unpreserved for appellate review (*see* CPL 470.05; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt as to these crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to these crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's challenge to the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is only partially preserved for appellate review (*see* CPL 470.05 [2]). In any event, the court providently exercised its discretion in fashioning its *Sandoval* ruling. The court struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the potential prejudice to the defendant (*see People v Williams*, 56 NY2d 236, 238-239 [1982]; *People v Thompson*, 99 AD3d 819, 819 [2012]; *People v Ortiz*, 95 AD3d 1140, 1141 [2012]). The mere fact that some of the prior convictions were similar in nature to the crimes charged did not warrant their preclusion (*see People v Smith*, 18 NY3d 588, 594 [2012]; *People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Thompson*, 99 AD3d at 819).

The defendant's contention that he was deprived of a fair trial by various remarks made by the prosecutor during summation is unpreserved for appellate review, as the defendant either made no objection, or made only a general objection, or made an objection for the first time in his postsummations motion for a mistrial, or made objections that were sustained without any further request for curative instructions and were not the basis of his motion for a mistrial (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Hanson*, 100 AD3d 771, 772 [2012]; *People v Read*, 97 AD3d 702, 703 [2012]; *People v Parker-Davidson*, 89 AD3d 1114 [2011]). In any event, most of the

challenged remarks were proper because they were within the broad bounds of rhetorical comment permissible in closing arguments, constituted a fair response to arguments made by defense counsel in summation, or constituted fair comment on the evidence (*see People v Halm,* 81 NY2d 819, 821 [1993]; *People v Galloway,* 54 NY2d 396, 399 [1981]; *People v Ashwal,* 39 NY2d 105, 109-110 [1976]; *People v Hanson,* 100 AD3d at 772). To the extent that some of the comments were improper, they were sufficiently addressed by the Supreme Court's instructions to the jury (*see People v Hines,* 102 AD3d 889, 890 [2013]; *People v Evans,* 291 AD2d 569, 569 [2002]; *People v Brown,* 272 AD2d 338, 339 [2000]), or were harmless in light of the overwhelming evidence of the defendant's guilt and since there was no significant probability that the errors might have contributed to the defendant's convictions (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]; *People v Hanson,* 100 AD3d at 772).

Since the defendant's guilt was proven beyond a reasonable doubt at trial, there can be no appellate review of the defendant's claim, raised in his pro se supplemental brief, that the evidence presented to the grand jury was legally insufficient (*see* CPL 210.30 [6]; *People v Bajana,* 82 AD3d 1111, 1112 [2011]; *People v Folkes,* 43 AD3d 956, 957 [2007]).

The defendant's contention, raised in his pro se supplemental brief, that all of the identification testimony of the prosecution's witnesses should have been precluded due to the People's failure to serve notice pursuant to CPL 710.30 is only partially preserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see People v Gissendanner,* 48 NY2d 543, 552 [1979]; *People v Williams,* 81 AD3d 861, 862 [2011]; *People v Alvarenga,* 25 AD3d 560, 561 [2006]; *People v Southerland,* 288 AD2d 497, 497-498 [2001]; *People v Bello,* 219 AD2d 657, 658 [1995]).

The defendant's claim, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel, is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim[ ]' " of ineffective assistance (*People v Maxwell,* 89 AD3d 1108, 1109 [2011], quoting *People v Evans,* 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump,* 53 NY2d 824 [1981]; *People v Brown,* 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate

forum for reviewing the claim in its entirety (*see People v Thomas*, 104 AD3d 710, 711 [2013]; *People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109).

Contrary to the contention raised in the defendant's pro se supplemental brief, the sentence imposed was not illegal.

The defendant's remaining contentions raised in his pro se supplemental brief are unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.