■ The People of the State of New York, Respondent, v Brian Mack, Appellant. [10 NYS3d 894]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered October 25, 2013, convicting him of grand larceny in the fourth degree, possession of burglar's tools, criminal possession of stolen property in the fifth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) was a provident exercise of its discretion. The court's ruling struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the potential prejudice to the defendant (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Barton*, 110 AD3d 1089, 1090 [2013]; *People v Thompson*, 99 AD3d 819, 819 [2012]).

The defendant's contention that the Supreme Court's procedure for handling a certain jury note violated the procedure set forth by the Court of Appeals in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) is unpreserved for appellate review. The alleged error did not constitute a mode of proceedings error, since the court's response to the note involved a ministerial, rather than a substantive matter, and defense counsel had notice of the jury's note and failed to object when the alleged er-

ror could have been cured (*see People v Williams*, 21 NY3d 932, 934-935 [2013]; *People v Mays*, 20 NY3d 969, 970-971 [2012]; *People v Ippolito*, 20 NY3d 615, 624-625 [2013]; *People v Ochoa*, 14 NY3d 180, 188 [2010]; *People v Lykes*, 81 NY2d 767, 769-770 [1992]). Mastro, J.P., Chambers, Roman and LaSalle, JJ., concur.