People v Sotiropoulos (2018 NY Slip Op 04759)





People v Sotiropoulos


2018 NY Slip Op 04759


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2014-06229
 (Ind. No. 2691/12)

[*1]The People of the State of New York, respondent,
v
Antonios Sotiropoulos, appellant.


Paul Skip Laisure, New York, NY (Benjamin S. Litman of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Kathryn E. Mullen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald Hollie, J.), rendered June 4, 2014, convicting him of robbery in the first degree, robbery in the second degree, assault in the second degree (two counts), criminal mischief in the fourth degree, petit larceny, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On August 6, 2012, the defendant broke into a car and the complainant, the car's owner, caught the defendant in the act and confronted him. Ultimately, a struggle ensued and the defendant eventually fled the scene with the complainant's GPS navigator. At trial, the People presented evidence that the defendant used a screwdriver as a weapon against the complainant, causing her to sustain injuries to her upper left arm as a result thereof.
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions of robbery in the first degree (see Penal Law § 160.15[3]), robbery in the second degree (see Penal Law § 160.10[2][a]), and assault in the second degree (see Penal Law §§ 120.05[2], [6]), is unpreserved for appellate review (see People v Finger, 95 NY2d 894; People v Stewart, 11 AD3d 568, 568; People v Cannon, 300 AD2d 407, 408). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to support the defendant's guilt of those crimes beyond a reasonable doubt. The [*2]complainant's testimony, in combination with a 911 call she placed shortly after the incident, the results of the DNA analysis of the screwdriver recovered from the scene, and the complainant's medical records, established the material elements of the crimes at issue. Contrary to the defendant's contention, any inconsistencies in the complainant's testimony were fully explored at trial and did not render her testimony incredible or unworthy of belief (see People v Owens, 129 AD3d 995, 996; People v Marcus, 112 AD3d 652, 653). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), and according great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490; People v Jenkins, 81 AD3d 662), upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
SCHEINKMAN, P.J., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court