■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JACKSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered December 5, 1983, convicting him of criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Thorp, J.), after a hearing, of that branch of the defendant's omnibus motion which sought the suppression of identification testimony.

Judgment reversed, on the law and the facts, plea vacated, that branch of the defendant's omnibus motion which sought the suppression of identification testimony granted, and matter remitted to the County Court, Nassau County, for further proceedings on the indictment.

The hearing court erred in denying that branch of the defendant's omnibus motion which sought the suppression of identification testimony on the ground that the witness had an independent source for her in-court identification of the defendant as the perpetrator. The witness was unable to identify the defendant at the hearing, and the record establishes that her out-of-court identification of the defendant's photograph from his Town of Hempstead identification card was impermissibly suggestive since she was shown a single photograph with his name on it *(see, People v Lindsay,* 42 NY2d 9; *People v Powell,* 105 AD2d 712). Under these circumstances, any in-court identification of the defendant by the witness at trial would be unreliable and must be precluded *(see, People v Adams,* 53 NY2d 241, 251). Nor may the witness identify the photograph on the defendant's identification card as that of the perpetrator at the trial, since evidence of a photographic identification of the defendant is generally inadmissible and in this case would be clearly unreliable *(see, People v Lindsay, supra,* p 12).

We are unable to determine from the record what effect the

hearing court's erroneous denial of that branch of the defendant's omnibus motion which sought the suppression of identification testimony had on the defendant's decision to plead guilty. In the absence of any concession that it had no effect or any waiver of the right to review the denial of the motion on appeal, the defendant's plea must be vacated *(see, People v Lloyd,* 66 NY2d 964; *People v Coles,* 62 NY2d 908, 910). Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.