■ The People of the State of New York, Respondent, v Charles Campbell, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (O'Shaughnessy, J.), rendered April 4, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a

hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On appeal, the defendant's primary argument is that the identification testimony of the chief witness for the prosecution should have been suppressed. We agree with the County Court that no basis for suppression exists since the police-sponsored identification procedures in which this witness participated were not unduly suggestive. The photographic array exhibited to the witness was not suggestive per se merely because it consisted of five photographs (cf., People v Cicero, 119 AD2d 687; People v Rolston, 109 AD2d 854). Both this photographic array and the subsequent lineup (which was attended by defense counsel) were free of any suggestiveness.

We also find that the weight of the evidence adduced at the pretrial *Wade* hearing supports the conclusion made by the County Court that the identifying witness's sudden equivocation as to the certainty of her identification was the product of nervousness and fear on her part, and did not reflect upon the accuracy of her recollection. The witness eventually reaffirmed her identification testimony at the hearing, and testified that she was "as sure as [she could] be" that the defendant was the man who had robbed her. The equivocation which preceded the witness's eventual reaffirmation of her identification furnishes no basis for suppression (see, People v Thomas, 66 AD2d 1001 ["certainty of identification is not a prerequisite to its admissibility"]; cf., People v Jackson, 118 AD2d 655).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Kunzeman and Spatt, JJ., concur.