■ The People of the State of New York, Appellant, v Richard M. Rodgers, Respondent. [670 NYS2d 600] —Crew III, J. Appeal from an order of the County Court of St. Lawrence County (Nicandri, J.), entered July 1, 1997, which, upon reconsideration, adhered to its prior decision partially granting defendant's motion to suppress evidence.

Defendant was involved in a fatal head-on collision on State Route 11 in the Town of DeKalb, St. Lawrence County, as a result of which defendant was taken to a local hospital and treated for injuries sustained in the accident. Hospital employees attending to defendant discovered handfuls of pills, medicine bottles, syringes and a spoon that had been contained in defendant's clothing, which they then turned over to the State Police officers who had been waiting outside defendant's room to obtain defendant's version of the accident. Subsequent testing of the pills proved them to be controlled substances and defendant was indicted and charged with vehicular manslaughter in the second degree, criminal possession of a controlled substance in the fourth degree, two counts of criminal possession of a controlled substance in the seventh degree and criminal possession of a hypodermic instrument.

Following defendant's arraignment on the indictment, a pretrial suppression hearing was conducted, at the conclusion of which County Court ruled that the chemical testing of the pills without a warrant constituted an unreasonable search and seizure and ordered suppression of said pills. Upon the People's motion for reargument, County Court adhered to its ruling and the People appeal.

It is axiomatic that inasmuch as the search here was conducted by private individuals, 4th Amendment considerations are not implicated (*see, People v Gleeson*, 36 NY2d 462, 465). Because the pills in question were lawfully in the possession of the police, the subsequent testing properly was conducted without a warrant (*see, People v Adler*, 50 NY2d

730, *cert denied* 449 US 1014). Indeed, as the Court of Appeals observed in *People v Adler* (*supra*): "That the drugs were subjected to laboratory analysis does not alter the nature of the seizure. The drugs, the nature of which was reasonably self-evident, were already lawfully in the possession of the police. Unless we are prepared to hold that there is a reasonable and justifiable expectation of privacy in the contents of a pill capsule, it cannot be said that an intrusion into privacy interests was effected by scientifically examining the drugs" (*id.*, at 737-738, n 4). To the extent that County Court relied on *Walter v United States* (447 US 649), it is sufficient to note that the Court of Appeals in *People v Adler* (*supra*) expressly rejected the notion that *Walter* mandates the suppression of materials seized under the circumstances presented here. Specifically, the Court of Appeals observed that "to read *Walter* to require a warrant at this point would result in a mandate that the police obtain a warrant whenever legally seized drugs are to be subjected to analysis. We do not read *Walter* * * * as compelling that result" (*People v Adler, supra,* at 738, n 4). Accordingly, County Court erred in suppressing the pills in question.

Cardona, P. J., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as partially granted defendant's motion to suppress upon reconsideration; motion to suppress denied and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.