THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN GRANT, Appellant. [942 NYS2d 223]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered February 27, 2008, convicting him of attempted murder in the second degree, attempted aggravated assault upon a police officer, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Leventhal, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence and identification testimony.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

On May 10, 2006, at approximately 2:15 P.M., Dennis Moore arrived outside a construction site located on Carroll Street in Brooklyn, carrying a large amount of cash, as he routinely did, in order to pay his workers. The defendant, acting with another, demanded Moore's money. When Moore refused, the defendant and his accomplice pistol-whipped and shot him. An off-duty detective, Larry Young, intervened, announcing that he was a police officer and displaying his badge. The defendant and his accomplice shot at Young, and Young returned fire. At trial, Young testified that he believed that one of his shots struck one of the assailants. Young observed the defendant and his accomplice flee the scene of the shooting in a burgundy Nissan Maxima with out-of-state license plates. Young noted that the part of the license-plate number he was able to observe was "P42." Another witness reported that the car had a Florida license plate. A search of out-of-state databases revealed that a burgundy Nissan Maxima, with Florida license-plate number "P424TG," was registered to the defendant's mother. Approximately 15 minutes after the defendant and his accomplice fled the scene of the shooting, the defendant entered Kings County Hospital complaining of a gunshot wound. While at the hospital only 20 to 30 minutes after the shooting, Young identified the defendant as one of the shooters. The defendant's blood-stained clothing, which the hospital had secured, was left on a nurses' station in the emergency room. Upon the request of the

police, medical personnel gave the defendant's clothing to the police. It was determined that ballistic evidence found at the crime scene came from the same weapon as a discharged shell found in the defendant's pants. Moreover, blood was found inside the Nissan Maxima, and a sample of the defendant's DNA matched that blood.

Contrary to the defendant's contention, the Supreme Court properly denied suppression of his blood-stained clothing (*see People v Quinones*, 247 AD2d 216, 218 [1998]; *People v Lewis*, 243 AD2d 256 [1997]). Since the defendant's clothing was laying on a nurses' station in an emergency room, the clothing was openly visible (*see People v Milaski*, 62 NY2d 147, 154 n 1 [1984]; *People v Alberti*, 111 AD2d 860 [1985]; *People v Robinson*, 115 AD2d 411, 412 [1985]; LaFave, Search and Seizure § 2.2 [a] [4th ed]; 1-15 Katz and Shapiro, New York Suppression Manual § 15.01 [Bender rev ed]). Moreover, the police had probable cause to seize the defendant's clothing as evidence of a crime (*see Soldal v Cook County*, 506 US 56, 66 [1992]; *Arizona v Hicks*, 480 US 321, 327 [1987]; *Payton v New York*, 445 US 573, 586-587 [1980]). The defendant had reported suffering a gunshot wound, Young had identified him as one of the shooters, and Young believed that he had shot the defendant during the incident (*see People v Lewis*, 243 AD2d at 257; *see also People v Johnson*, 43 AD3d 1422, 1423 [2007]; *People v Stein*, 306 AD2d 943 [2003]). The subsequent search of the clothing, which resulted in the recovery of ballistic evidence, was permissible, as it was only a lesser-related intrusion incident to the seizure already effected (*see People v DeProspero*, 91 AD3d 39 [2011]; *see also People v Natal*, 75 NY2d 379, 383 [1990], *cert denied* 498 US 862 [1990]; *People v Rodgers*, 248 AD2d 805 [1998]; *People v Payne*, 233 AD2d 787 [1996]).

Moore's pretrial identification of the defendant was properly admitted into evidence at trial. "[C]ertainty of identification is not a prerequisite to its admissibility" (*People v Thomas*, 66 AD2d 1001, 1001 [1978]; *see People v Campbell*, 149 AD2d 719 [1989]; *People v McCullers*, 40 AD2d 796 [1972], *affd* 33 NY2d 806 [1973]).

Another witness's testimony that the defendant had the same complexion as one of the shooters and "look[ed] like him" was also properly admitted at trial. Although the witness could not positively identify the defendant during a pretrial lineup, the witness's inability in that regard related to the weight of his in-court identification, not its admissibility (*see People v Brown*, 267 AD2d 93 [1999]; *People v Parks*, 257 AD2d 636, 636 [1999], *affd* 95 NY2d 811 [2000]; *People v Spigner*, 202 AD2d 331

[1994]; *People v Finley*, 190 AD2d 859, 860 [1993]; *People v Cruz*, 167 AD2d 306 [1990]).

The Supreme Court did not improvidently exercise its discretion in excluding, as irrelevant, the testimony of the defendant's friend and portions of the testimony of the defendant's mother (*see People v Scarola*, 71 NY2d 769, 777 [1988]).

The testimony of Detective Charles Arnao, in which he averred that he did not report, to the 69th Precinct, the defendant's claim that the defendant had been shot within its confines because Arnao did not believe the defendant's story, was properly admitted to explain Arnao's actions and to allow the jury to assess his credibility (*see People v Rivera*, 101 AD2d 981 [1984], *affd* 65 NY2d 661 [1985]).

The defendant contends that certain of the prosecutor's summation remarks deprived him of a fair trial. However, only the defendant's challenge to the prosecutor's comment that the defense failed to ask a single question of a particular witness is preserved for appellate review. We agree with the defendant that this comment impermissibly shifted the burden of proof to the defendant (*see People v Walters*, 251 AD2d 433, 434 [1998]; *cf. People v Jackson*, 41 AD3d 498, 499 [2007]). Nonetheless, we conclude that the error in allowing this comment to be made was harmless, as the evidence of the defendant's guilt is overwhelming and there is no reasonable possibility that the comment might have contributed to the defendant's conviction (*see People v McCants*, 67 AD3d 821, 823 [2009]). The defendant's remaining challenges to the prosecutor's summation are unpreserved for appellate review (*see People v Spencer*, 87 AD3d 751, 753 [2011], *lv granted* 18 NY3d 861 [2011]). In any event, these remaining challenged remarks were either fair comment, responsive to the defense's summation, or within the bounds of rhetorical comment, or do not otherwise warrant reversal (*see People v Galloway*, 54 NY2d 396, 401 [1981]; *People v Ashwal*, 39 NY2d 105, 109 [1976]; *People v Tapper*, 64 AD3d 620, 621 [2009]; *People v Philips*, 30 AD3d 618, 619 [2006]).

The defendant was not deprived of the effective assistance of counsel. Considering the totality of the evidence, the law, and the circumstances of the case, trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

The defendant's contention that the Supreme Court improperly granted the People's application to strike a certain venireperson for cause is without merit (*see* CPL 270.20 [1] [b]).

However, the defendant is entitled to be resentenced. Certain remarks made by the Supreme Court demonstrate that it

improperly considered crimes of which the defendant was acquitted as a basis for sentencing (*see People v Romero*, 71 AD3d 795 [2010]; *People v Schrader*, 23 AD3d 585 [2005]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.