(October 17, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAQUAN T. SMALL, Appellant. [973 NYS2d 428]—

Spain, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 11, 2010, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

In the early hours of January 1, 2009, police responded to a second disturbance call outside a nightclub in the Village of Endicott, Broome County and arrested defendant for disorderly conduct. Defendant was transported to the police station, where an incident reportedly occurred in which a police officer was injured while trying to remove from defendant's mouth a substance later established to be crack cocaine, after defendant refused a directive to remove it. A six-count indictment was

subsequently handed up charging defendant with disorderly conduct outside the nightclub and, regarding the incident at the station, two counts of assault in the second degree (intentional and felony assault, i.e., causing physical injury during the commission of a felony), tampering with physical evidence (attempting to swallow the cocaine, the underlying felony for the felony assault count), criminal possession of a controlled substance in the seventh degree and obstructing governmental administration in the second degree.

Defendant's omnibus motion requested, among other relief, a *Dunaway* hearing, contending that police lacked probable cause to arrest him outside the nightclub for disorderly conduct and that all of the charges against him should be dismissed. At the *Dunaway* hearing, the People offered only the testimony of one of the responding officers pertaining to the circumstances surrounding defendant's arrest outside the nightclub. Neither the officer involved in the incident at the police station nor any other witnesses to it testified. Defendant called three eyewitnesses to his arrest, arguing that his arrest was unlawful, that the subsequently seized evidence should be suppressed as the fruit of the poisonous tree, and that all charges must be dismissed.

Crediting the defense witnesses, County Court ruled that police lacked probable cause to arrest defendant, inviting counsel to address the effect of this finding on the admissibility of the evidence and remaining charges. The court—based in part upon the People's concession—ruled that, because the police lacked probable cause to arrest defendant for disorderly conduct (count 6) at the nightclub, that count should be dismissed and the cocaine seized from defendant at the police station should be suppressed, but only for purposes of the criminal possession charge (count 4); the court then dismissed that possessory charge, the intentional assault charge (count 1) and the obstruction charge (count 5). However, the court concluded that dismissal of count 2 (felony assault) and count 3 (tampering) was not warranted based upon its finding that "defendant's act of free will, in attempting to 'suppress' [i.e., swallow] the physical evidence" did not flow from the unlawful arrest; therefore, the People would be allowed to prove at trial that the physical evidence that defendant sought to conceal in his mouth under those counts was cocaine. Defendant subsequently entered a guilty plea to attempted assault in the second degree and, after his motions to withdraw his plea were denied, he was sentenced to 1½ to 3 years in prison.

As the People candidly concede on appeal, given County

Court's finding[1] that defendant's arrest was unlawful, defendant is correct that the court erred in failing to suppress the cocaine seized from him at the police station as the fruit of that arrest, including as it related to counts 2 and 3. This issue survives defendant's guilty plea (*see* CPL 710.70 [2]). Under well-established exclusionary rule principles, where police have engaged in unlawful activity—here, by arresting defendant without probable cause—evidence which is a result of the "exploitation of that illegality" is subject to suppression as the "fruit of the poisonous tree" unless one of the recognized exceptions to the exclusionary rule is applicable (*Wong Sun v United States*, 371 US 471, 488 [1963] [internal quotation marks and citation omitted]; *see People v Jones*, 21 NY3d 449, 454-455 [2013]; *People v Gethers*, 86 NY2d 159, 161-162 [1995]; *see also United States v Crews*, 445 US 463, 470 [1980]). The exception at issue here, as specifically decided by County Court thereby preserving the issue for appeal (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 493 [2008]; *People v Prado*, 4 NY3d 725, 726 [2004]), is attenuation, that is, whether the production of the cocaine evidence during defendant's illegal detention resulted from the exploitation of that illegality, directly or derivatively (*see Segura v United States*, 468 US 796, 804-805 [1984]; *Brown v Illinois*, 422 US 590, 602-604 [1975]; *Wong Sun v United States*, 371 US at 488; *People v Harris*, 77 NY2d 434, 440-441 [1991]; *People v Conyers*, 68 NY2d 982, 984 [1986]). The focus of the attenuation exception is "on the presence or absence of 'free will' or voluntariness regarding a defendant's . . . acts which follow illegal police conduct; thus, the attenuation inquiry resolves whether the causal connection between the police misconduct and the later discovery of the challenged evidence is so far removed as to dissipate the taint" (*People v Richardson*, 9 AD3d 783, 788 [2004], *lv denied* 3 NY3d 680 [2004]; *see Segura v United States*, 468 US at 805). "That determination requires consideration of the temporal proximity of the arrest and [acquisition of evidence] . . . , the presence of intervening circumstances and, particularly, the purpose and flagrancy of the official misconduct" (*People v Conyers*, 68 NY2d at 983 [citations omitted]; *see Brown v Illinois*, 422 US at 603-604; *People v Bradford*, 15 NY3d at 333; *People v Jones*, 21 NY3d at 455).

Given the complete lack of testimony at the *Dunaway* hearing regarding the post-illegal-arrest incident at the police station—including any intervening circumstances—in which cocaine evi-

---

**1.** The People do not contest County Court's ruling that police lacked probable cause to arrest defendant.

dence was reportedly seized from defendant's person, we find that the People failed to satisfy their burden of proving the applicability of the attenuation exception. That is, the People did not prove that the evidence was not acquired by exploiting the illegal arrest but, rather, came about by means "sufficiently distinguishable from [the illegality] to be purged of illegality" (*People v Johnson*, 66 NY2d 398, 407 [1985]; *see Brown v Illinois*, 422 US at 603-604; *People v Borges*, 69 NY2d 1031, 1033 [1987]). Thus, County Court's finding of attenuation is not supported by the hearing record.[2] In view of the failure to prove that any exception is applicable, the general exclusionary rule applies, the seizure of cocaine following defendant's illegal arrest is deemed the product thereof, and it should have been suppressed as to all counts of the indictment (*see People v Gethers*, 86 NY2d at 162).

As the People also acknowledge, the suppressed cocaine is the only "physical evidence" that supports the tampering with physical evidence charge (*see* Penal Law § 215.40 [2] [count 3]), which is the sole predicate felony for the remaining felony assault count (*see* Penal Law § 120.05 [6] [count 2]). The People concede on appeal that these counts "would not be provable at trial with the cocaine suppressed" and, agreeing with the defense, admit that "the remedy in this case is suppression of the cocaine, vacatur of . . . defendant's guilty plea, and dismissal of the remaining counts of the indictment."

Rose, J.P., Garry and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress granted in its entirety, plea vacated, and indictment dismissed in its entirety.

---

**2.** Notably, defendant's subsequent admission during the plea allocution cannot be relied upon to retroactively support the suppression decision.