■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR SANDERS, Appellant. [991 NYS2d 66]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered October 5, 2012, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress his clothing. Since the defendant's clothing was lying on the floor of a hospital room in a clear plastic bag, the clothing was openly visible (*see People v Grant*, 94 AD3d 1139, 1140 [2012]). Moreover, the police had probable cause to seize the defendant's clothing as evidence of a crime of which they believed the defendant had been a victim (*see id.* at 1139-1140; *People v Quinones*, 247 AD2d 216 [1998]; *People v Lewis*, 243 AD2d 256 [1997]; *People v Chandler*, 18 Misc 3d 1145[A], 2008 NY Slip Op 50445[U] [Sup Ct, Queens County 2008]).

The defendant further argues that his conviction must be vacated because the trial court conducted a *Sandoval* hearing (*see People v Sandoval*, 34 NY2d 371 [1974]) in his absence. The defendant failed to rebut the presumption of regularity that attaches to official court proceedings by coming forward with substantial evidence demonstrating that the *Sandoval* hearing was conducted in his absence (*see People v Frank*, 295 AD2d 535 [2002]; *People v Cody*, 260 AD2d 718 [1999]; *People v Firrira*, 258 AD2d 666 [1999]; *People v Robinson*, 191 AD2d 523 [1993]). The record demonstrates that the court discussed the defendant's criminal history with the defendant, specifically stating that the defendant had a total of four prior felony convictions and nine misdemeanors, which the defendant did not dispute. The court's subsequent *Sandoval* ruling precluded inquiry into any underlying facts of these convictions. Therefore, even crediting the defendant's contention that he was absent from the pretrial *Sandoval* hearing, the court's ruling regarding the defendant's prior convictions precluded inquiry into the underlying facts of any of the convictions. Therefore, the defendant's pres-

ence at the hearing would have been superfluous, and reversal of the judgment of conviction on that basis is unwarranted (*see People v Michalek*, 194 AD2d 568, 568-569 [1993], *mod* 82 NY2d 906 [1993]; *see also People v Dokes*, 79 NY2d 656, 661 [1992]). Eng, P.J., Leventhal, Lott and Roman, JJ., concur.