Clark, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered January 4, 2013, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree (two counts) and the traffic infraction of speeding.
On August 2, 2012 at 12:40 a.m, defendant was stopped for speeding on State Route 4 in the Town of Fort Ann, Washington County. Upon checking the validity of defendant’s driver’s license, the state trooper effectuating the traffic stop discovered that there was an active warrant for defendant’s arrest. Defendant, the sole occupant and registered owner of the vehicle, was placed into custody and arrangements were made for his vehicle to be towed. Prior to towing the vehicle, an inventory search was conducted and, among other things, a baggie containing a substance later identified as 41 grams of heroin was discovered inside a shoe found in an open, clear plastic bag behind the driver’s seat.
*1238 Defendant was subsequently charged in an indictment with two counts of criminal possession of a controlled substance in the third degree and speeding. Following the denial of defendant’s motion to suppress the heroin, defendant pleaded guilty to the indictment without waiving his right to appeal. He was sentenced to an aggregate prison term of 10 years to be followed by three years of postrelease supervision. Defendant now appeals, challenging County Court’s refusal to suppress the heroin. Among other things, defendant argues that the decision to impound his vehicle was not made pursuant to standardized police procedure[1] and that the resulting inventory search was not reasonable.
We reverse. Following a lawful arrest of the driver of a vehicle, “the police may impound the car, and conduct an inventory search, where they act pursuant to ‘reasonable police regulations relating to inventory procedures administered in good faith’ ” (People v Walker, 20 NY3d 122, 125 [2012], quoting Colorado v Bertine, 479 US 367, 374 [1987]). To this end, “courts have insisted that an inventory search be conducted according to a familiar routine procedure and that the procedure meet two standards of reasonableness” (People v Galak, 80 NY2d 715, 719 [1993] [citation omitted]; see Colorado v Bertine, 479 US at 371). Specifically, the procedures must be “designed to meet the legitimate objectives of the search while limiting the discretion of the officer in the field” (People v Briggs, 21 AD3d 1218, 1219 [2005], lv denied 5 NY3d 851 [2005]; see Florida v Wells, 495 US 1, 4 [1990]; People v Johnson, 1 NY3d 252, 256 [2003]; People v Galak, 80 NY2d at 719).
Here, the transcript of the November 2012 suppression hearing fails to support a determination that the conduct of the police was reasonable. Although not fatal to their argument against suppression (see People v Gomez, 13 NY3d 6, 11 [2009]), the People failed to offer a copy of the State Police procedure manual into evidence. Additionally, the People also failed to ask any substantive questions of their witnesses so as to otherwise establish (1) that the State Police had a standardized procedure, (2) that such procedure was reasonable, and (3) that it was followed here. In this regard, the testimony of the troopers demonstrates little discussion of their professional experience so *1239 as to help illustrate an established departmental procedure, only a vague explanation of their decisions made at the time of the search, and meager proof that such decisions resulted from an established procedure designed to limit their discretion. In fact, Trooper Jason Gutowski’s testimony, coupled with the incomplete vehicle impound inventory form he prepared following defendant’s arrest, exposed an exercise of his unfettered personal discretion. Specifically, while acknowledging that one of the main purposes for an inventory search is to protect the property of the defendant, Gutowski repeatedly indicated that, if certain items were not included on his inventory list — i.e., money, CDs, a CD changer, a GPS — it was because he did not consider the items to be of any value. Gutowski also explained that he prepared the inventory search form only from his memory after returning to the barracks and that a copy of the form was not provided to defendant. Thus, based upon the record before us, we are unable to determine that the police conduct was sufficiently standardized and designed to produce a meaningful inventory of the contents of defendant’s vehicle so as to be reasonable (cf. People v Walker, 20 NY3d at 127).
Furthermore, we respectfully disagree with our dissenting colleague that the decision to impound defendant’s vehicle was the only option available[2]
and, further, that a reasonable, standardized procedure for the ensuing inventory search was properly established. Rather, due to the insufficiency of the proof at the suppression hearing, we lack the information necessary to arrive at such conclusions absent conjecture. For example, we know that the traffic stop occurred on State Route 4 a little after midnight. However, we do not know if, perhaps, defendant was stopped in or near the parking lot of a gas station, business or other property where he could have safely left his vehicle without the need for towing. We also do not know whether an acquaintance of defendant was available and able to take possession of the vehicle, making impoundment unnecessary. Nor do we know if State Police procedure required that the troopers check into any of these alternatives before making the decision to impound. Further, the testimony of Gutowski merely establishes his recollection of the contents of the State Police inventory search manual that he had received years earlier, not what the manual actually directs or the obligations imposed by the policies contained therein. As stated above, absent admission of the manual into evidence or discussion regarding Gutowski’s experience and *1240 conduct in similar situations, we feel his testimony was insufficient to ensure compliance with constitutional mandates. While we agree that officers in the field are to be afforded a certain minimal amount of discretion, the lack of proof here makes it impossible to characterize this trooper’s discretion as consistent with a reasonable standardized procedure.
Accordingly, we conclude that the People failed to meet their burden and the heroin found in the car should be suppressed.[3] Defendant’s remaining arguments have been rendered academic by our decision.
Lahtinen, J.E, McCarthy and Garry, JJ., concur.

. Although not preserved for our review (see People v Jacquin, 71 NY2d 825, 826-827 [1988]; People v Durrin, 32 AD3d 665, 666 [2006]), were we to address the initial decision to impound defendant’s vehicle, we would agree with defendant that the People failed to meet their burden of demonstrating that such decision was based upon the existence of some standardized criteria or routine procedure (see Colorado v Bertine, 479 US 367, 374-375 [1987]; People v O’Connell, 188 AD2d 902, 903 [1992]).

. We reiterate that this argument is not preserved for our review. However, we address it here solely in the context of responding to the dissent.

. Inasmuch as the People have not conceded that those counts are otherwise unsupported by the evidence, we are not dismissing counts 1 and 2 of the indictment (cf. People v Small, 110 AD3d 1138, 1141 [2013]). However, we note that “[t]he Court of Appeals has made clear that the People are entitled to one full opportunity to present relevant evidence at a suppression hearing” (People v Weddington, 192 AD2d 750, 751 [1993]; see People v Malinsky, 15 NY2d 86, 95-96 [1965]), and the People have already had that opportunity here.