■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOMO COLE, Respondent. [9 NYS3d 253]—

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about February 6, 2014, which granted defendant's motion to suppress physical evidence, unanimously affirmed.

The police received a radio run providing an anonymous tip about a man with a gun in a building stairwell, accompanied by other men. Upon their arrival at the building, the police encountered a group of men, including defendant, in the lobby. Following a chase, defendant retreated to a nearby apartment and threw a backpack toward a closet. The officer who chased defendant removed defendant and two others from the apartment at gunpoint. While the men were detained outside the apartment, the officer went into the apartment and retrieved the backpack from the closet. The bag contained two weapons.

The record supports the motion court's decision to suppress the evidence. The court found there was no consent to enter the apartment and that no exigency existed (*see e.g. People v Jenkins*, 24 NY3d 62 [2014]), and the People do not challenge those findings on appeal. The only argument advanced by the People on this point is that defendant lacked standing to challenge the seizure because he had no expectation of privacy in

the apartment. However, the People did not raise this specific claim in their post-hearing argument and submissions before the motion court, nor did the court reach this issue. Thus, the People's argument is unpreserved and we decline to reach it in the interest of justice (*see People v Dodt*, 61 NY2d 408 [1984]). There is no merit to the People's contention that the motion court's granting of a suppression hearing was tantamount to a ruling adverse to the People on the issue of standing. The court made no such finding and simply ordered a *Mapp* hearing to explore all issues raised by the motion to suppress. In light of our conclusion, we do not address the People's alternative argument that the police had a sufficient basis to pursue defendant in the first instance. Concur—Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ.