This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 22
The People &c.,
          Respondent,
      v.
Oscar Sanders,
          Appellant.


          Rahshanda Sibley, for appellant.
          William H. Branigan, for respondent.


FAHEY, J.:

          The primary issue on this appeal is whether defendant's

constitutional right to be free from unreasonable searches and

seizures was violated when police took defendant's clothing,

which had been placed in a clear hospital bag, without either a

- 1 -

warrant or his consent.  Under the circumstances of this case, we conclude that the seizure was unconstitutional, and that the part of defendant's motion seeking to suppress that physical evidence should have been granted.

On August 11, 2010, defendant "walked in" to Jamaica Hospital (hospital) in Queens seeking treatment for a gunshot wound.  Pursuant to its protocol, and as required by law (Penal Law § 265.25), the hospital reported the shooting to the police. Defendant told a police officer who responded to the hospital that defendant "was shot in [a nearby] [p]ark."  By the time he spoke to that officer, defendant was "wearing hospital clothing."

After "dealing with . . . defendant" for "[a] little over an hour," the officer was directed to clothing defendant "wore when he came to [the] [h]ospital."  Those clothes were in a clear plastic bag that rested on the floor of a trauma room a short distance away from the stretcher on which defendant was situated in a hospital hallway.  In the bag the officer observed the "jeans that [defendant] was wearing that night, boxers, and his sneakers," and there is no dispute that the officer seized that bag.  Likewise, there is no dispute that, as he vouchered the clothing, the officer inspected each garment.  Based at least in part on observations the officer made with respect to the condition of those items during the inventory process, authorities believed that defendant had accidentally shot himself with a gun he carried in his waistband.

Defendant was subsequently charged with, among other things, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Before trial, defendant sought suppression of the clothes based on what defense counsel characterized as the unlawful warrantless seizure of those items. The People opposed the motion on the ground that "police can seize evidence . . . where the items are in open view and the officer[] observe[s] [them] from a lawful vantage point." After a hearing at which the investigating officer testified essentially to the facts noted at the outset of this opinion, Supreme Court denied suppression. According to the hearing court, "the clothing in [the] clear bag . . . potentially was evidence of a crime," and "there [was] no violation of any [F]ourth [A]mendment rights . . . when th[at] clothing was recovered to be examined to see if it had relevance to the investigation of a crime of someone being shot."

Defendant was eventually convicted of the aforementioned crimes following a jury trial at which the People supported their contention that defendant criminally possessed a loaded firearm outside of his home or place of business through, among other things, the admission into evidence of the clothing seized at the hospital.[1] On appeal, the Appellate Division affirmed the judgment and rejected defendant's challenge to the

---

[1] The gun central to this case was never recovered.

suppression ruling (119 AD3d 878 [2d Dept 2014]).  In doing so, the Appellate Division reasoned that "[s]ince the defendant's clothing was lying on the floor of a hospital room in a clear plastic bag, the clothing was openly visible," and that "the police had probable cause to seize the . . . clothing as evidence of a crime of which they believed the defendant had been a victim" (id.).  A Judge of this Court granted defendant leave to appeal (24 NY3d 1088 [2014]), and we now reverse the Appellate Division order.

Our analysis begins with the fundamental precept "that warrantless searches and seizures are per se unreasonable unless they fall within one of the acknowledged exceptions to the Fourth Amendment's warrant requirement" (People v Diaz, 81 NY2d 106, 109 [1993], abrogated on other grounds by Minnesota v Dickerson, 508 US 366 [1993]).  "Where a warrant has not been obtained, it is the People who have the burden of overcoming th[e] presumption" of unreasonableness (People v Hodge, 44 NY2d 553, 557 [1978]).

Of the " 'jealously and carefully drawn' exceptions to the warrant-preference rule" (Matter of Caruso v Ward, 72 NY2d 432, 443 [1988] [Kaye and Titone, JJ., dissenting], quoting Jones v United States, 357 US 493, 499 [1958]), at issue here is the exclusion in which probable cause exists for the seizure of an object or objects in plain view.

> "Under the plain view doctrine, if the sight
> of an object gives the police probable cause
> to believe that it is the instrumentality of
> a crime, the object may be seized without a

warrant if three conditions are met: (1) the police are lawfully in the position from which the object is viewed; (2) the police have lawful access to the object; and (3) the object's incriminating nature is immediately apparent" (Diaz, 81 NY2d at 110; see People v Brown, 96 NY2d 80, 89 [2001]).

Against this backdrop we conclude that the hearing court erred in denying defendant's motion to suppress the clothes seized by police.[2]  There was evidence adduced at the suppression hearing that the officer who seized the clothes knew defendant to have been shot, and that defendant awaited treatment at the hospital while dressed in clothes different from those he wore at the time of the shooting.  More important, however, is what the evidence presented at the suppression hearing does *not* establish. That evidence does not show that, before the seizure, the testifying officer knew that entry and exit wounds were located on an area of defendant's body that would have been covered by the clothes defendant wore at the time of the shooting. Similarly, the record of that proceeding contains no other indicium that could have given rise to a reasonable belief that the shooting had affected defendant's clothes.  To that end, there is no record support for the lower courts' conclusion that

---

[2]     Defendant also contends that the Appellate Division's ruling that the search was permissible under the plain view doctrine violates People v LaFontaine (92 NY2d 470, 474 [1998]) inasmuch as the plain view exception was not at issue before the hearing court.  Here, however, the People invoked the plain view doctrine before the hearing court, and the issue was decided adversely to defendant when that court denied suppression.

the investigating officer had probable cause to believe that
defendant's clothes were the instrumentality of a crime (see
generally People v Cook, 85 NY2d 928, 931 [1995]; cf. generally
People v Salvodon, 127 AD3d 1239, 1240-1241 [2d Dept 2015]).

Consequently, for the foregoing reasons we conclude
that the seizure was illegal and the items seized were improperly
admitted into evidence at trial.  In view of our determination
that defendant's motion to suppress the physical evidence should
have been granted, we do not address defendant's remaining
contentions.[3]

Accordingly, the order of the Appellate Division should
be reversed, defendant's motion insofar as it sought to suppress
the physical evidence granted, the judgment vacated, and the case
remitted to Supreme Court for further proceedings in accordance
with this opinion.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed, defendant's motion insofar as it sought to
suppress the physical evidence granted, judgment vacated and case
remitted to Supreme Court, Queens County, for further proceedings
in accordance with the opinion herein.  Opinion by Judge Fahey.
Judges Pigott, Rivera, Abdus-Salaam and Stein concur.  Chief
Judge DiFiore and Judge Garcia took no part.

Decided February 23, 2016

---

[3]     Specifically, we note that, given our conclusion that
the seizure is unconstitutional, we have no occasion to consider
defendant's contention with respect to the validity of the
search.