People v Wingate (2016 NY Slip Op 05823)





People v Wingate


2016 NY Slip Op 05823


Decided on August 17, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
THOMAS A. DICKERSON
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2014-09245
 (Ind. No. 3059/13)

[*1]The People of the State of New York, respondent, 
v
Terry Wingate, appellant.


Lynn W. L. Fahey, New York, NY (Anna Kou of counsel), for appellant.
Kenneth P. Thompson, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Michael L. Akavan [Sullivan & Cromwell, LLP], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dwyer, J.), rendered September 16, 2014, convicting him of assault in the second degree and criminal contempt in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court improvidently exercised its discretion in allowing the People to introduce certain uncharged crime evidence (see People v Alvino, 71 NY2d 233, 241-242; see also People v Resek, 3 NY3d 385, 390; cf. People v Dorm, 12 NY3d 16, 19; People v Pham, 118 AD3d 1159, 1161; People v Ashman, 292 AD2d 458, 458-459). However, contrary to the defendant's contention, under the circumstances of this case, the error did not deprive him of his due process right to a fair trial (see People v Crimmins, 36 NY2d 230, 238; see also People v Smith, 131 AD3d 1270, 1273).
The defendant's contention that the sentence imposed was improperly based on the crime of which he was acquitted is unpreserved for appellate review (see CPL 470.05[2]; People v Malcolm, 131 AD3d 1068, 1071; People v Morgan, 27 AD3d 579, 580) and, in any event, without merit (see People v Morgan, 27 AD3d at 580; People v Robinson, 250 AD2d 629, 629; cf. People v Grant, 94 AD3d 1139, 1141-1142). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., DICKERSON, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court