People v Suprunchik (2025 NY Slip Op 03364)

People v Suprunchik

2025 NY Slip Op 03364

Decided on June 5, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 5, 2025

CR-23-1821
[*1]The People of the State of New York, Respondent,
v
Amber Suprunchik, Appellant.

Calendar Date:April 30, 2025

Before:Pritzker, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Frank Mellace II, Rome, for appellant.
Patrick A. Perfetti, District Attorney, Cortland, for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Cortland County (Julie Campbell, J.), rendered September 21, 2023, upon a verdict convicting defendant of the crimes of leaving the scene of an incident without reporting, criminally negligent homicide and tampering with physical evidence.
On June 15, 2021, two bicyclists were struck by a motor vehicle in the Town of Cincinnatus, Cortland County. One bicyclist died, and the other was severely injured. The driver fled the scene. After speaking with witnesses and collecting physical evidence from the roadway, the police determined that the involved vehicle was a gray Jeep Cherokee. At some point thereafter, a sheriff's deputy discovered a vehicle matching this description parked in the driveway on property where defendant resided as a tenant. Because the front of the vehicle was not visible from the street, the deputy walked up the driveway in order to perform a closer inspection. Alongside the driveway were posted signs stating, "No Trespassing" and "Private Property." The deputy observed blood on, and front-end damage to, the vehicle, consistent with the crash, and radioed his findings to his fellow law enforcement officers. In response, a sheriff's investigator traveled to the residence. After conferring with the deputy, the investigator talked to the owner of the property and obtained surveillance footage. The investigator then spoke to defendant and secured her consent to search the vehicle. Defendant was taken to a hospital for a blood test and to the State Police barracks for a further interview. The investigator later applied for and obtained two search warrants, one for the vehicle and the other for defendant's cell phone records.
Defendant was subsequently arrested and charged by indictment with leaving the scene of an incident without reporting as both a felony and a misdemeanor, criminally negligent homicide and tampering with physical evidence. Defendant moved to suppress the evidence that was obtained as a result of the police entry onto the property. County Court held a suppression hearing and ultimately denied the motion. Following the ensuing jury trial, defendant was convicted of the felony charge of leaving the scene, as well as the homicide and tampering charges. Defendant was sentenced to a prison term of 2&frac13; to 7 years for her conviction of leaving the scene, and to lesser concurrent terms on the remaining convictions. Defendant appeals.
Defendant's sole argument on appeal is that the police unlawfully entered the property to conduct a search, such that any evidence obtained as a result of this illegality should have been suppressed. The People retort that defendant had no expectation of privacy in the driveway and, in any event, the police conduct was justified by the plain view exception to the search warrant requirement.
"Warrantless searches and seizures within the privacy of the home are presumptively unreasonable, subject only to carefully circumscribed exceptions to the warrant [*2]requirement" (People v Richards, 176 AD3d 1496, 1497 [3d Dept 2019] [citations omitted], lv denied 35 NY3d 994 [2020]). That said, a person will not necessarily be entitled to the same protection in a private driveway leading to a home unless he or she has exhibited "some outward manifestation" of a reasonable expectation of privacy in this area (People v Crapo, 103 AD2d 943, 943 [3d Dept 1984], affd 65 NY2d 663 [1985]; see People v Morris, 126 AD3d 813, 814 [2d Dept 2015], lv denied 25 NY3d 1168 [2015]). In that regard, New York law recognizes that the posting of a "No Trespassing" sign on private property constitutes such a manifestation (see People v Scott, 79 NY2d 474, 491 [1992]; People v Reilly, 195 AD2d 95, 100 [3d Dept 1994]; People v Malatesta, 186 Misc 2d 312, 319 [Sup Ct, Rensselaer County 1999]). Therefore, a police officer seeking to conduct a search on posted property may only do so with a warrant or while operating under a recognized exception to the warrant requirement (see People v Reilly, 195 AD2d at 100; People v Malatesta, 186 Misc 2d at 319; compare People v Versaggi, 296 AD2d 429, 429 [2d Dept 2002], lv denied 98 NY2d 714 [2002]; People v Crapo, 103 AD2d at 943-944).
In this case, defendant had a legitimate expectation of privacy in light of the "No Trespassing" and "Private Property" signs posted on a tree beside the driveway, adjacent to her parked vehicle. As the deputy did not have a warrant when he entered the driveway and conducted a visual search, it was the People's burden to establish the applicability of a warrant exception (see People v Sanders, 26 NY3d 773, 776-777 [2016]; People v Richards, 176 AD3d at 1497).
Contrary to the People's contention, they failed to demonstrate that the plain view exception applied. The plain view doctrine permits law enforcement officers to seize evidence if they are lawfully in a position to observe it — in other words, evidence is not considered to be in plain view "when an officer gains the vantage point from which they view incriminating evidence by violating a constitutional prohibition against unreasonable searches and seizures" (People v Messano, 41 NY3d 228, 233 [2024]; see People v Brown, 96 NY2d 80, 89 [2001]). In addition, the incriminating nature of the evidence must be immediately apparent from that lawful vantage point (see People v Alexander, 207 AD3d 878, 881 [3d Dept 2022], lv denied 39 NY3d 984 [2022]). Here, the hearing evidence reflected that only the back end of the vehicle was visible from the street. It was necessary for the deputy to walk up the driveway in order to see the incriminating evidence on the front of the vehicle, and by this point he had entered onto and conducted a search in an area where defendant had a reasonable expectation of privacy. Thus, the plain view exception cannot be used to justify this police action (see People v Scott, 79 NY2d at 491; People v Malatesta, 186 Misc 2d at 321).
"Under well-established exclusionary rule principles, where [*3]police have engaged in unlawful activity[,] evidence which is a result of the exploitation of that illegality is subject to suppression as the fruit of the poisonous tree unless one of the recognized exceptions to the exclusionary rule is applicable" (People v Crispell, 223 AD3d 941, 945 [3d Dept 2024] [internal quotation marks, ellipsis and citations omitted], lv denied 41 NY3d 964 [2024]). One such exception is the doctrine of attenuation, under which it may be found that a subsequent consent to search is so far removed from earlier police misconduct as to dissipate the taint of the illegality (see id.). However, to the extent that the People's appellate brief can be construed as claiming that consent was given to search the vehicle, we note that they make no argument that such consent was attenuated from the initial unlawful search and, in any event, the record reveals that they did not meet their burden at the hearing of showing sufficient attenuation (see People v Small, 110 AD3d 1138, 1140-1141 [3d Dept 2013]). As no other exception to the exclusionary rule was shown, suppression should have been granted as to the vehicle as well as evidence that flowed therefrom — namely, defendant's statements and the evidence seized pursuant to the search warrants (see People v Crispell, 223 AD3d at 945; People v Small, 110 AD3d at 1140; People v Reilly, 195 AD2d at 101).
Finally, the People failed to preserve for appellate review their claim that the warrantless entry was permissible because the posted signs in question did not meet certain regulatory size and content requirements (see generally People v Cole, 128 AD3d 521, 522 [1st Dept 2015], lv denied 27 NY3d 995 [2016]), and their argument that the police were permitted to enter the driveway under a common-law right of inquiry is without merit (see People v Ortiz, 141 AD3d 872, 874 [3d Dept 2016]).
Pritzker, J.P., Lynch, McShan and Powers, JJ., concur.
ORDERED that the judgment is reversed, on the law, motion to suppress granted and matter remitted to the County Court of Cortland County for further proceedings not inconsistent with this Court's decision.