■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL JACK, Appellant. [688 NYS2d 882] —Judgment, Supreme Court, New York County (Frederic Berman, J., at suppression hearing; Arlene Silverman, J., at jury trial and sentence), rendered March 19, 1997, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Defendant has not preserved his claim that the information possessed by the arresting officer did not amount to probable cause because the radio transmission he received from the undercover officer did not communicate the undercover officer's basis of knowledge that defendant had committed a crime, and we decline to review this claim in the interest of justice. Were

we to review defendant's claim, we would find that the radio transmission that the undercover officer had located a "lost subject from the previous buy" was reasonably interpreted by the arresting officer to mean that defendant had participated in a drug transaction, at some previous unspecified time, in which the undercover officer had been personally involved, as the purchaser or otherwise (*see, People v Washington*, 87 NY2d 945; *People v Maldonado*, 86 NY2d 631). Concur—Rosenberger, J. P., Williams, Andrias, Saxe and Buckley, JJ.