■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN CUMMINGS, Appellant. [695 NYS2d 406] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rivera, J.), rendered April 15, 1997, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that money seized from him should have been suppressed as the fruit of an

unlawful arrest (*see, People v Ramirez-Portoreal,* 88 NY2d 99). The hearing record established that the arresting officer acted on the basis of a detailed radio transmission from a so-called undercover "ghost" officer who had, minutes earlier, witnessed the defendant sell narcotics to another individual. Since the evidence demonstrated that the undercover officer personally witnessed the illegal narcotics transaction, the arresting officer was justified in relying on the undercover officer's observations (*see, People v Washington,* 87 NY2d 945, 946-947).

The defendant's contention that the trial court erred in issuing an acting-in-concert charge to the jury is similarly without merit. Although the indictment only charged the defendant as a principal, the indictment was not unlawfully amended by the admission of proof and instruction to the jury that the defendant was additionally charged with acting in concert to commit the same crime, as there is no legal distinction between liability as a principal or criminal culpability as an accomplice (*see, People v Rivera,* 84 NY2d 766). Since the People proved every element of the indicted crimes, the court's acting-in-concert charge was entirely proper.

The defendant's remaining contentions are without merit. Bracken, J. P., Sullivan, Goldstein and McGinity, JJ., concur.