■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID AFFLIC, Appellant. [713 NYS2d 326] —Judgment, Supreme Court, New York County (Harold Beeler, J., at hearing; Bernard Fried, J., at jury trial and sentence), rendered June 9, 1997, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The requirements of the fellow-officer rule were satisfied by the hearing evidence, since the observing officer testified that he observed defendant make a series of drug transactions and that he radioed a description of defendant and a direction to arrest him (see, People v Mims, 88 NY2d 99, 113-114; see also, People v Ketcham, 93 NY2d 416). The trial court properly exercised its discretion in refusing to reopen the suppression hearing based on trivial discrepancies between trial and hearing evidence that could not have affected a finding of probable cause.

The People established a proper chain of custody for the drug vial recovered from defendant. The fact that the arresting officer held the vial on his person until he gave the vial to the officer who vouchered it at the precinct provided reasonable assurances of the identity and unchanged condition of the evidence (People v Julian, 41 NY2d 340).

The court properly permitted the observing officer to testify about uncharged drug sales which occurred contemporaneously with the charged sales, because such evidence was relevant to prove defendant's intent to sell the drugs in his possession as well as to complete the narrative of the observing officer's testimony and establish his opportunity to observe (People v Richardson, 260 AD2d 292, lv denied 93 NY2d 977).

The court's Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see, People v Walker, 83 NY2d 455, 458-459; People v Mattiace, 77 NY2d 269, 275-276; People v Pavao, 59 NY2d 282, 292).

To the extent that the existing record permits review, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714).

We have considered and rejected defendant's remaining claims. Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.