(December 10, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL MUHAMMED, Appellant. [751 NYS2d 183] —Judgment, Supreme Court, New York County (Carol Berkman, J., at hearing; Bonnie Wittner, J., at jury trial and sentence), rendered December 13, 1999, convicting defendant of criminal possession of a controlled substance in the fifth degree and sentencing him as a second felony offender to a term of 2½ to 5 years, unanimously affirmed.

As part of defendant's omnibus pretrial motions, he sought suppression on *Mapp/Dunaway* grounds and specifically requested a hearing in that regard. The request was denied twice. However, this Court found that in view of the quantum of information available to defendant, his factual averments were sufficient to entitle him to a hearing. By order entered January 8, 2002, we held this appeal in abeyance and remanded the matter for a suppression hearing (290 AD2d 248). The hearing has now been conducted. Suppression was denied.

We give due deference to the motion court's findings on credibility (*People v Rosario*, 275 AD2d 224, *lv denied* 95 NY2d 938), which are amply supported by the record. Probable cause was established by evidence provided by experienced narcotics officers who observed defendant from a short distance away as he conducted a hand-to-hand exchange of what appeared to be crack (*People v Colselby*, 240 AD2d 227, *lv denied* 90 NY2d 1010) for currency to a known crack user in a drug prone location (*People v Washington*, 87 NY2d 945, 947; *People v McRay*, 51 NY2d 594, 604). The arrest also was properly conducted in view of the detailed description of defendant transmitted to fellow officers (*People v Washington*, *supra*; *People v Afflic*, 275 AD2d 647, *lv denied* 96 NY2d 731), and the testimony regarding defendant's flight and apprehension. Furthermore, the additional bags of crack which defendant removed from his mouth while he provided pedigree information in the precinct house were lawfully recovered. Hence, we find no basis to disturb the motion court's decision denying suppression. We have considered defendant's remaining contentions and find them to be without merit. Concur—Williams, P.J., Tom, Mazzarelli, Rosenberger and Ellerin, JJ.