THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RAY, Appellant. [813 NYS2d 371]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered December 23, 2003, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of $2^1/2$ to 5 years, unanimously affirmed.

Defendant's suppression arguments are unpreserved (*see People v Tutt*, 38 NY2d 1011 [1976]), and we decline to review them in the interest of justice. Were we to review these claims, we would find the court properly denied defendant's suppression motion. In this observation sale case, the People established probable cause through the arresting officer's testimony that she acted in response to information she received from the eyewitness officer, who radioed words stating that he had seen a drug transaction in which defendant was the buyer, and provided defendant's location and a detailed description (*see People v Washington*, 87 NY2d 945 [1996]; *People v Genyard*, 276 AD2d 299 [2000], *lv denied* 95 NY2d 963 [2000]). While defendant challenges some of the phrasing employed in the hearing court's decision, those challenges are based on misreadings of the decision.

The verdict was not against the weight of the evidence. The evidence supported the conclusion that defendant possessed a quantity of cocaine that exceeded the statutory threshold. The chemist adequately explained the sampling method he used and the tests he conducted (*see People v Hill*, 85 NY2d 256, 261 [1995]; *People v Argro*, 37 NY2d 929 [1975]).

The record does not establish that defendant's sentence was based on any improper criteria, and we perceive no basis for reducing the sentence. Concur—Saxe, J.P., Marlow, Sullivan, Gonzalez and Catterson, JJ.