THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TURRELL QUARLESS, Appellant. [999 NYS2d 488]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered October 17, 2012, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress the crack cocaine found in his pocket at the time of his arrest, since the hearing evidence established that the police officers had probable cause to believe that the defendant had committed an offense in their presence (see People v De Bour, 40 NY2d 210, 223 [1976]). Probable cause arose when the officers, who were trained in narcotics transactions, observed the defendant, in a high-crime area known for drug trafficking, reach into his pocket and extract therefrom a small plastic bag containing a substance that appeared to be cocaine and pass it to a man on a bicycle, who handed the defendant currency and then rode away (see People v Jones, 90 NY2d 835, 837 [1997]; People v Washington, 87 NY2d 945, 947 [1996]; People v McRay, 51 NY2d 594 [1980]; People v Williams, 69 AD3d 663, 664-665 [2010]; People v McCants, 67 AD3d 821, 822-823 [2009]; People v Muhammed, 300 AD2d 54, 55 [2002]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that

the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

At trial, the Supreme Court properly admitted into evidence expert testimony with respect to the quantity and packaging of crack cocaine carried by someone who sells drugs, as opposed to someone who merely uses them, since the expert testimony was beyond the ken of the average juror (*see People v Hicks*, 2 NY3d 750, 751 [2004]; *People v Brown*, 97 NY2d 500, 505 [2002]; *People v Hough*, 51 AD3d 818, 818 [2008]; *People v Hibbert*, 27 AD3d 662, 663 [2006]; *People v Ray*, 272 AD2d 203, 203-204 [2000]; *People v James*, 266 AD2d 236, 236 [1999]).

The defendant was not deprived of the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

As the People correctly concede, under the facts of this case, the defendant's conviction of criminal possession of a controlled substance in the seventh degree must be vacated, and that count of the indictment dismissed, as an inclusory concurrent count of criminal possession of a controlled substance in the third degree (*see* CPL 300.40 [3] [b]; *People v Lee*, 39 NY2d 388, 390 [1976]; *cf.* Penal Law §§ 220.03, 220.16 [1]; *People v Anderson*, 91 AD3d 789, 790 [2012]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Dickerson, Austin and Cohen, JJ., concur.