People v Arevalo (2019 NY Slip Op 03610)





People v Arevalo


2019 NY Slip Op 03610


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-06714
2018-06716
 (Ind. No. 1798/17)

[*1]The People of the State of New York, appellant,
v
Christian Arevalo, respondent.


Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley, Yael V. Levy, and Brian Witthuhn of counsel), for appellant.
Foley Griffin, LLP, Garden City, NY (Daniel W. Russo and Brian Griffin of counsel), for respondent.



DECISION & ORDER
Appeals by the People from (1) an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), dated April 26, 2018, which granted that branch of the defendant's omnibus motion which was pursuant to CPL 210.20(1)(c) to dismiss the indictment, with leave to re-present within 30 days, and (2) an order of the same court entered June 8, 2018, which, upon, in effect, reargument and renewal, adhered to the determination in the order dated April 26, 2018.
ORDERED that the order dated April 26, 2018, is reversed, on the law, that branch of the defendant's omnibus motion which was pursuant to CPL 210.20(1)(c) to dismiss the indictment is denied, the indictment is reinstated, the order entered June 8, 2018, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the indictment; and it is further,
ORDERED that the appeal from the order entered June 8, 2018, is dismissed as academic in light of our determination on the appeal from the order dated April 26, 2018; and it is further,
A grand jury indicted the defendant on charges of reckless endangerment in the first degree, murder in the second degree, manslaughter in the second degree, operating a motor vehicle while under the influence of drugs, driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, and vehicular manslaughter in the second degree. The defendant was accused of striking a victim with his vehicle, driving at an extremely high speed with the victim on the vehicle's hood and then braking suddenly, causing the victim to be propelled off of the hood onto the street. The victim died as a result of the injuries sustained during the incident.
In an omnibus motion, the defendant moved, inter alia, to dismiss the indictment. In an order dated April 26, 2018, the Supreme Court, upon finding that the grand jury proceeding was defective, granted that branch of the defendant's motion, with leave to re-present within 30 days. In an order entered June 8, 2018, upon, in effect, reargument and renewal, the Supreme Court adhered to the prior determination. By decision and order dated July 20, 2018, this Court stayed enforcement of so much of the order dated April 26, 2018, as directed that the People resubmit the case to the grand jury within 30 days, pending the hearing and determination of the appeals.
An indictment should be dismissed where the grand jury proceeding is defective such that it "fails to conform to the requirements of article one hundred ninety [of the Criminal Procedure Law] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35[5]; see CPL 210.20[1][c]; People v Thompson, 22 NY3d 687, 699). "The exceptional remedy of dismissal' is available in rare cases' of prosecutorial misconduct upon a showing that, in the absence of the complained-of misconduct, the grand jury might have decided not to indict the defendant" (People v Thompson, 22 NY3d at 699, quoting People v Huston, 88 NY2d 400, 409, 410; see People v Darby, 75 NY2d 449, 455). Contrary to the Supreme Court's determination, this is not one of those rare cases demanding dismissal of the indictment.
The prosecutor was not obligated to present evidence that the defendant now claims to be favorable to the defense, as such evidence was not entirely exculpatory and would not have materially influenced the grand jury's investigation (see People v Mitchell, 82 NY2d 509, 515; People v Lancaster, 69 NY2d 20, 25-26; People v Goldston, 126 AD3d 1175, 1177; People v Bryan, 50 AD3d 1049, 1050). Accordingly, the prosecutor's conduct with regard to this allegedly exculpatory evidence did not violate her ethical obligations (see generally Rules of Professional Conduct [22 NYCRR 1200.0]). Further, the prosecutor properly presented expert testimony to the grand jury on a matter that was beyond the ken of the average juror (see generally People v Hicks, 2 NY3d 750, 751; People v McLean, 128 AD3d 1094, 1097; People v Quarless, 123 AD3d 1060, 1061). Finally, the defendant was not entitled to pre-indictment discovery of Brady material (see People v Lancaster, 69 NY2d at 26; People v Reese, 23 AD3d 1034, 1035-1036).
Accordingly, the Supreme Court should have denied that branch of the defendant's omnibus motion which was to dismiss the indictment.
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court