People v Abreu-Lugo (2021 NY Slip Op 50027(U))

[*1]

People v Abreu-Lugo (Jancer)

2021 NY Slip Op 50027(U) [70 Misc 3d 135(A)]

Decided on January 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-1188 K CR

The People of the State of New York,
Respondent, 
against
Jancer Alberto Abreu-Lugo, Appellant. 

Feldman and Feldman (Arza Feldman of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Rhea A. Grob of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Adam Perlmutter, J.), rendered May 9, 2018. The judgment convicted defendant, upon his plea
of guilty, of aggravated unlicensed operation of a motor vehicle in the second degree, and
imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with driving while his ability was
impaired (Vehicle and Traffic Law § 1192 [1]), driving while intoxicated (per se) (Vehicle
and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic
Law § 1192 [3]), aggravated unlicensed operation of a motor vehicle in the third degree
(Vehicle and Traffic Law § 511 [1] [a]), and unlicensed operation of a motor vehicle
(Vehicle and Traffic Law § 509 [1]). After several court conferences, defendant pleaded
guilty to the added charge of aggravated unlicensed operation of a motor vehicle in the second
degree (Vehicle and Traffic Law § 511 [2] [a] [i]) in satisfaction of the accusatory
instrument. As a condition of pleading guilty, defendant was required to execute a waiver of his
right to appeal. On appeal, defendant contends that his waiver was insufficient. He further argues
that his guilty plea was not entered into knowingly, voluntarily, and intelligently because the
court had failed to factually allocute him on the crime to which he pleaded guilty.
We note, as a threshold matter, that a defendant may waive the right to appeal as a condition
of a guilty plea (see People v
Thomas, 34 NY3d 545, 557 [2019]; People v Lopez, 6 NY3d 248, 255 [2006]; People v
Seaberg, 74 NY2d 1, 10 [1989]; People v Brown, 122 AD3d 133 [2014]). Generally, an appeal
waiver will encompass any issue that does not involve a right of constitutional dimension going
to "the very heart of the process" (Lopez, 6 NY3d at 255; see People v Pacherille, 25 NY3d
1021, 1023 [2015]). However, a waiver of the right to appeal is [*2]effective only so long as the record demonstrates that it was made
knowingly, intelligently and voluntarily, which occurs when a defendant has a full appreciation
of the consequences of such waiver (see
People v Bradshaw, 18 NY3d 257, 264 [2011]; Lopez, 6 NY3d at 256;
Brown, 122 AD3d at 136) and the fact that this waiver is separate and distinct from those
trial rights automatically forfeited upon a plea of guilty (see People v Leach, 26 NY3d 1154 [2016]; Lopez, 6 NY3d
at 256). Here, although defendant executed a misdemeanor conviction waiver of rights form,
which included a waiver of his right to appeal, that waiver was ineffective since, as the People
concede, the record failed to establish that he understood that the right to appeal was separate and
distinct from his trial rights, which were automatically forfeited upon his plea of guilty (cf. People v Bryant, 28 NY3d
1094 [2016]). Thus, since defendant did not have a full appreciation of the consequences of
this waiver, it cannot be considered to have been made knowingly, intelligently and voluntarily.
He is, therefore, not precluded from bringing the instant appeal.
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move
to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to
CPL 440.10" (People v Peque, 22
NY3d 168, 182 [2013]; see People
v Conceicao, 26 NY3d 375, 381 [2015]). However, a narrow exception to the
preservation requirement has been recognized where the particular circumstances of a case reveal
that a defendant had no actual or practical ability to object to an alleged error in the taking of a
plea that was clear from the face of the record (see People v Williams, 27 NY3d 212, 219-223 [2016]; People v Louree, 8 NY3d 541, 546
[2007]). Here, since defendant was sentenced in the same proceeding in which he entered his
plea of guilty, he "faced a practical inability to move to withdraw [his] plea" (Conceicao,
26 NY3d at 382; see People v Ali, 66 Misc 3d 139[A], 2020 NY Slip Op 50095[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). Therefore, as the People concede,
defendant's claim is reviewable on a direct appeal from the judgment of conviction despite the
fact that he did not move to withdraw his plea or to vacate the judgment of conviction (see People v Sougou, 26 NY3d
1052, 1054 [2015]).
We find that defendant's claim regarding his plea is without merit. An allocution based on a
negotiated plea need not elicit from a defendant specific admissions as to each element of the
charged crime (see People v
Goldstein, 12 NY3d 295, 301 [2009]; People v Ali, 66 Misc 3d 139[A], 2020
NY Slip Op 50095[U]; People v
Robinson, 57 Misc 3d 138[A], 2017 NY Slip Op 51309[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2017]). Nor is "[t]he court's duty to inquire further . . . triggered
merely by the failure of a pleading defendant, whether or not represented by counsel, to recite
every element of the crime pleaded to" (People v Lopez, 71 NY2d 662, 666 n 2 [1988];
see Goldstein, 12 NY3d at 301). Indeed, no catechism is required in connection with the
acceptance of a plea (see People v Nixon, 21 NY2d 338, 350 [1967]) and the Court of
Appeals has refused to disturb pleas even when there has been absolutely no elicitation of the
underlying facts of the crime (see id.; see also Goldstein, 12 NY3d at 301).
Defendant, represented by counsel, clearly understood the nature of the charge to which he was
pleading and willingly entered his plea to obtain the benefit of the bargain he had struck (see
Goldstein, 12 NY3d at 301; People
v Bosticco, 52 Misc 3d 140[A], 2016 NY Slip Op 51169[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2016]). Consequently, the record as a whole affirmatively discloses
that defendant entered his plea knowingly, voluntarily and intelligently, and, therefore, [*3]the plea was valid.
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 15, 2021