People v Haga (2021 NY Slip Op 50628(U))

[*1]

People v Haga (Denise)

2021 NY Slip Op 50628(U) [72 Misc 3d 130(A)]

Decided on July 1, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 1, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2019-110 S CR

The People of the State of New York,
Respondent,
against
Denise A. Haga, Also Known as Denise A. Reyes, Appellant.

Suffolk County Legal Aid Society (Anju M. Alexander of counsel), for appellant.
Suffolk County District Attorney (Edward A. Bannan of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Karen Kerr,
J.), rendered December 4, 2018. The judgment convicted defendant, upon her plea of guilty, of
aggravated driving while intoxicated (per se), and imposed sentence. The appeal brings up for
review an order of that court (Pierce Fox Cohalan, J.) dated October 8, 2018 denying, after a
hearing, defendant's motion to suppress evidence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with aggravated driving while intoxicated (per se) (Vehicle and
Traffic Law § 1192 [2-a] [a]) and driving while intoxicated (common law) (Vehicle and
Traffic Law § 1192 [3]). Thereafter, defendant moved to suppress evidence on the ground,
among others, that the evidence was obtained by means of an unlawful search and seizure. The
District Court ordered a hearing and the arresting officer was the sole witness. In an order dated
October 8, 2018, the court (Pierce Fox Cohalan, J.) denied defendant's motion, explicitly
crediting the officer's testimony, and finding that the vehicle stop was lawful and that there was
probable cause to arrest defendant. On December 4, 2018, defendant pleaded guilty (Karen Kerr,
J.) to aggravated driving while intoxicated (per se), and sentence was immediately imposed.
Pursuant to CPL 710.70 (2), a defendant may seek appellate review of the denial of a motion
to suppress notwithstanding that he or she subsequently pleaded guilty (see People v Curry, 70 Misc 3d 35
[App Term, 2d Dept, 9th & 10th Jud Dists 2020]). Such review, however, is limited to the
evidence presented at the suppression hearing, and the propriety of the court's ruling must be
determined only in light of the evidence that was before the court (see Curry, 70 Misc 3d
35). Furthermore, the factual findings and credibility determinations of a hearing court are
entitled to great deference on appeal and will not be disturbed unless clearly [*2]unsupported by the record (see People v Prochilo, 41 NY2d
759, 761 [1977]).
Under New York law, an automobile stop "is a seizure implicating constitutional limitations"
(People v Spencer, 84 NY2d 749, 752 [1995]; see People v Hinshaw, 35 NY3d 427, 430 [2020]). Moreover, the
Court of Appeals has stated that "the graduated framework set forth in People v De Bour
(40 NY2d 210 [1976]) and People v Hollman (79 NY2d 181 [1992]) for evaluating the
constitutionality of police-initiated encounters with private citizens applies with equal force to
traffic stops" (People v Garcia, 20
NY3d 317, 319-320 [2012]). Thus, "[a]utomobile stops are lawful only when based on
probable cause that a driver has committed a traffic violation (People v Robinson, 97
NY2d 341, 349-350 [2001]); when based on a reasonable suspicion that the driver or occupants
of the vehicle have committed, are committing, or are about to commit a crime (Spencer,
84 NY2d at 752-753); or, when conducted pursuant to nonarbitrary, nondiscriminatory, uniform
highway traffic procedures (People v Sobotker, 43 NY2d 559, 563 [1978])"
(Hinshaw, 35 NY3d at 430 [internal quotation marks omitted]).
Here, the arresting officer testified at the suppression hearing that, on October 4, 2017 at
approximately 1:06 a.m., he responded to a dispatch pursuant to a 911 call from someone
claiming to be defendant's husband who had stated that defendant "was drinking and she was
drunk and shouldn't be driving." The informant described the vehicle that defendant was driving
as a 2000 black Hyundai with a flat tire and gave defendant's name. Additionally, the arresting
officer testified that another officer had observed defendant driving a vehicle matching the
informant's description close in time and proximity to the reported location and that that officer
had initiated a traffic stop. The arresting officer arrived at the scene two minutes after defendant's
vehicle had been stopped and observed that the vehicle matched the informant's description and
that defendant was sitting in the driver's seat of the vehicle. He explained that he was the primary
officer assigned to the 911 call, which is why the other officer contacted him when that officer
first spotted defendant's vehicle.
An identified citizen informant is presumed to be reliable (see People v Parris, 83
NY2d 342, 350 [1994]; People v
Kurovics, 64 Misc 3d 77 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). Here,
not only did the informant identify himself as defendant's husband, but he provided explicit
details about defendant and the vehicle that she was driving, including its make, color, year, and
the fact that it had a flat tire. Moreover, the arresting officer testified that the vehicle was stopped
in close proximity to where it was reported to have been and within 20 minutes after the 911 call
had been made. Thus, the officer who had stopped defendant's vehicle was entitled to rely on the
information provided by defendant's husband to the police, which was relayed by the dispatcher,
and to assume its reliability in providing probable cause, or, at the very least, reasonable
suspicion to stop defendant's vehicle (see People v Washington, 87 NY2d 945 [1996]
[finding that a police officer is entitled to act on the strength of a radio transmission from a
fellow officer or department and to assume its reliability in providing probable cause]; People
v Rosario, 78 NY2d 583 [1991]).
Contrary to defendant's contention, it was not necessary for the People to have produced at
the hearing the officer who had stopped her vehicle (see People v Edwards, 95 NY2d
486, 491 [2000]; People v Ketcham, 93 NY2d 416, 420 [1999]; People v Petralia,
62 NY2d 47, 51-52 [1984]; People v
Frankel, 51 Misc 3d 135[A], 2016 NY Slip Op 50552[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2016]; People v
Heller, 28 Misc 3d 138[A], 2010 NY Slip Op 51463[U] [*3][App Term, 2d Dept, 9th & 10th Jud Dists 2010]). As hearsay
is admissible to establish any material fact at a hearing on a motion to suppress evidence
(see CPL 710.60 [4]; Edwards, 95 NY2d at 491), and information conveyed to an
officer by a fellow officer is presumptively reliable (see Ketcham, 93 NY2d at 420),
where the testifying officer at a suppression hearing establishes that information had been
conveyed to him or her by a non-testifying fellow officer, the conveyed information may properly
contribute to establish probable cause or reasonable suspicion. Consequently, even though the
arresting officer neither witnessed defendant driving nor conducted the traffic stop, the District
Court properly determined that the vehicle stop was lawful based upon the People's proof that the
officer who had stopped the vehicle had probable cause to believe that defendant had committed
a traffic violation (see Robinson, 97 NY2d at 349-350), i.e., driving while ability
impaired (Vehicle and Traffic Law § 1192 [1]; see Vehicle and Traffic Law §
1193 [1] [a]), or, at the very least, reasonable suspicion to believe that she had committed a crime
(see Spencer, 84 NY2d at 752-753), i.e., driving while intoxicated, whether in violation
of Vehicle and Traffic Law § 1192 (2), (2-a) or (3), all misdemeanors (see Vehicle
and Traffic Law § 1193 [1] [b] [i]; see also Penal Law § 10.00 [4], [6]).
The District Court also properly determined that the People proved that defendant's arrest
was lawful. To establish probable cause for the arrest, the People were required to prove that
defendant had operated the vehicle while in a condition that violated any subdivision of Vehicle
and Traffic Law § 1192 (see Kurovics, 64 Misc 3d 77). Here, the arresting officer
testified that, upon arriving at the scene, he observed a black Hyundai in the middle of the street
blocking traffic. The vehicle's engine was running, its lights were on, and defendant was in the
driver's seat. Upon approaching the vehicle, he observed that defendant exhibited various indicia
of intoxication, such as the odor of an alcoholic beverage on her breath, watery bloodshot eyes,
and slurred speech. Moreover, in response to the officer's inquiries, defendant admitted that she
was coming from a friend's house and that she had drunk an alcoholic beverage. Since a
temporary roadside detention pursuant to an ordinary traffic stop is not custodial within the
meaning of Miranda v Arizona (384 US 436 [1966]) (see Pennsylvania v Bruder,
488 US 9, 11 [1988]), as the District Court properly found, these statements were not subject to
suppression (see Kurovics, 64 Misc 3d 77). Additionally, the officer testified that, upon
exiting the vehicle, defendant wavered from side to side as she walked to the rear of the vehicle
to perform various standardized field sobriety tests, all of which she failed. Defendant voluntarily
submitted to a portable breath test, which the arresting officer testified showed the presence of
alcohol. Consequently, the officer made a lawful arrest based upon probable cause derived from
his personal knowledge and his professional training in detecting signs of intoxication, as well as
from the information received from the dispatcher and the other officer. As a result, the District
Court properly denied defendant's motion to suppress evidence (see Kurovics, 64 Misc 3d
77).
Finally, defendant argues that the District Court failed to fully notify her of the constitutional
rights that she was waiving by pleading guilty. Since she was sentenced in the same proceeding
in which she entered her plea of guilty, she "faced a practical inability to move to withdraw [her]
plea," and, thus, her claim is reviewable on a direct appeal from the judgment of conviction
despite the fact that she did not move to withdraw her plea or to vacate the judgment of
conviction (People v Conceicao, 26
NY3d 375, 382 [2015]; see People
v Delorbe, 35 NY3d 112 [2020]; People v Abreu-Lugo, 70 Misc 3d 135[A], 2021 NY Slip Op
50027[U] [*4][App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2021]). Nevertheless, defendant's contention is without merit as the Court of Appeals has
explicitly rejected the requirement that a court must enumerate all of the constitutional rights,
under Boykin v Alabama (395 US 238 [1969]), waived during the course of a plea
allocution (see People v Pellegrino,
26 NY3d 1063 [2015]; People v
Sougou, 26 NY3d 1052 [2015]; Conceicao, 26 NY3d at 379). Moreover, here,
the record as a whole affirmatively discloses that defendant entered her plea knowingly,
voluntarily and intelligently (see Conceicao, 26 NY3d at 383).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, J.P., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 1, 2021